59 F.3d 168
NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Danny Ray SHAFER, Defendant-Appellant.
 No. 93-5858.
 United States Court of Appeals, Fourth Circuit.
 Argued April 7, 1995.
Decided June 21, 1995.
 
 ARGUED: Glenn Scott Wainer, Falls Church, Virginia, for Appellant. Stephen Urban Baer, Assistant United States Attorney, Charlottesville, Virginia, for Appellee.
 ON BRIEF: Robert P. Crouch, Jr., United States Attorney, Charlottesville, Virginia, for Appellee.
 OPINION
 Before WIDENER and LUTTIG, Circuit Judges, and PHILLIPS, Senior Circuit Judge.
 PER CURIAM:
 
 
 1
 The defendant, Danny Ray Shafer, appeals the district court's denial of his motion to withdraw his guilty plea on the grounds that the plea was uninformed and therefore involuntary. He also appeals his sentence in that he contends the amount of marijuana attributed to him for sentencing was incorrect. We affirm.
 
 
 2
 On February 8, 1993 Shafer pleaded guilty to count one of a 21-count indictment, specifically conspiracy to possess with intent to distribute marijuana in violation of 21 U.S.C. Sec. 846, and criminal forfeiture pursuant to Sec. 853(a)(1)(2).* The remaining counts of the indictment applicable to the defendant were dismissed on the motion of the United States. Following an evidentiary hearing to determine the amount of marijuana involved, Shafer was sentenced by the district court on May 7, 1993 to a prison term of 188 months. However, on Shafer's petition, the court agreed to withhold entry of its order until July 30, 1993, to give Shafer an opportunity to present more evidence and cross-examine the government informants regarding the amount of marijuana attributable to him. This hearing was rescheduled and was held on October 19, 1993. Shafer's motion to withdraw his guilty plea was filed on October 13, 1993. On October 19, 1993, the district court denied the motion, heard additional testimony relating to the amount of marijuana attributable to him, and entered its order imposing the same sentence as it had on May 7th.
 
 
 3
 Shafer raises three issues on appeal: He was denied effective assistance of counsel in violation of the Sixth Amendment because his attorney failed to inform him of the consequences of his guilty plea; the district court erred in denying his motion to withdraw his guilty plea because he did not understand the consequences of the plea, and the plea was therefore uninformed and involuntary; and the amount of marijuana attributed to him by the district court for sentencing purposes was clearly erroneous.
 
 
 4
 A claim for ineffective assistance of counsel usually is not reviewable on direct appeal, unless it is apparent from the record that counsel was so ineffective that the constitutional rights of the defendant were violated. United States v. Tatum, 943 F.2d 370, 380 (4th Cir.1991). It is not apparent from the record before us that the attorney was ineffective or that the defendant's constitutional rights have been violated, so we decline to reach the merits of that argument. If Shafer wishes to pursue that claim he may do so on collateral review under 28 U.S.C. Sec. 2255.
 
 
 5
 We review the district court's denial of Shafer's motion to withdraw his guilty plea for abuse of discretion. United States v. Craig, 985 F.2d 175, 178 (4th Cir.1993). In response to the defendant's motion, the court determined that the defendant's plea was knowing and voluntary, pointing out that the terms of the plea agreement were outlined in open court in the presence of Shafer, and that there was nothing in Shafer's responses to the court's questions that indicated he did not understand the nature and consequences of the plea. We have reviewed the record, including the written plea agreement and the transcript of the district court's Rule 11 colloquy and are of opinion that the record supports the court's finding. Prior to acceptance of the plea by the court, the government outlined the plea agreement, stating that Shafer acknowledged that he was charged with and was pleading guilty to a conspiracy, that he was not pleading guilty to any amount of drug, but was reserving the right to argue drug amount at sentencing. In immediate and direct response, Shafer's attorney repeated that Shafer was pleading guilty to the charge of conspiracy, but that he was not acknowledging any overt acts, the drug weight, or the number of plants stated in the indictment, all of which would be determined in an evidentiary hearing. The court then determined that Shafer was 32 years old, had a tenth grade education, had never been treated for mental illness, and was not under the influence of drugs or alcohol. Shafer responded affirmatively to the courts Rule 11 questions that he had received a copy of the charges against him and that he had fully discussed the charges with his counsel. Shafer was handed a written copy of the plea agreement and responded affirmatively that it was the plea agreement that he had signed, that he had read it before he signed it, that it was explained to him by counsel as well, and that he understood the maximum penalty was a mandatory minimum of ten years up to life imprisonment. The court asked him a second time, the question "You also understand that depending upon the quantity of marijuana that could be established, there could be a mandatory minimum of ten years. You understand that?" Again Shafer responded "Yes". Based on the above and other responses by Shafer to the court in the continuing Rule 11 colloquy, we find nothing in the record to suggest that the court failed to take into account the complexity of the charge or Shafer's personal characteristics in its colloquy, and nothing to suggest that Shafer was uninformed about or did not understand the plea agreement. See United States v. DeFusco, 949 F.2d 114, 117 (4th Cir.1991). Specifically, Shafer was informed directly and on more than one occasion by the court that the sentence would be based on the amount of marijuana found to be attributed to him at an evidentiary hearing, and could be a mandatory minimum of ten years up to life imprisonment. We conclude that the district court did not abuse its discretion in denying Shafer's motion to withdraw his plea.
 
 
 6
 We review the district court's factual finding that Shafer grew 1000 marijuana plants for clear error. United States v. Williams, 977 F.2d 866, 869 (4th Cir.1992). Shafer contends that there was no reliable evidence and no specific factual findings to support the district court's finding.
 
 
 7
 The government contended that Shafer grew at least 3000 marijuana plants during the course of the conspiracy. It offered evidence of a number of controlled buys of marijuana that were made from Shafer by a confidential informant, and introduced packages of marijuana, and transcriptions of recorded conversations between Shafer and an informant. There was testimony that Shafer stated he had thousands of plants, and reported on one occasion that someone had stolen some plants from some of his patches. On another occasion the defendant described the building of booby-traps made of pipe and shotgun shells and stating he had two set in some of his big patches (nine patches). During the second sentencing hearing, the informants were brought forward for cross-examination. One informant reported that over a period of 14-15 months, he made some 17 purchases of marijuana in quantities of one-half to 14 ounces, and totaling a little over three and one-half pounds from the defendant and his brother, and that he had on one occasion purchased five small plants. The informant further testified that he had never seen any plants growing around Shafer's house, but he had never asked to see the plants, and that the marijuana was usually dried and packaged and waiting for him in the house. However, he testified that the defendant and his brother had told him they had approximately 2000 plants growing on one occasion, and on another occasion he asked to purchase a larger amount and the defendant told him he was too late, having sold four pounds to someone from Maryland a couple of days before. Another informant, who was identified on video tending a patch of marijuana in the national forest, testified that he had cultivated several patches of marijuana with Shafer.
 
 
 8
 Based on the above and numerous other statements by Shafer during the drug transactions, and other circumstantial evidence reasonably linked to Shafer, the district court found that dugring each of the years 1989, 1990, 1991, and continuing into 1992, Shafer and his brother maintained 300 to 500 starter plants of marijuana a year, and that the evidence supported 1000 plants, but less that the 3000 asserted by the government. We have reviewed the record of the evidentiary proceedings and conclude that this finding is supported by the evidence, and is not clearly erroneous.
 
 
 9
 The judgment of the district court is accordingly
 
 
 10
 AFFIRMED.
 
 
 
 *
 No issue with respect to forfeiture is raised in defendant's brief