64 F.3d 660
 NOTICE: Fourth Circuit Local Rule 36(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Clark Wayne CURRY, a/k/a Fee, Defendant-Appellant.
 No. 94-5279.
 United States Court of Appeals, Fourth Circuit.
 Submitted July 31, 1995.
Decided Aug. 15, 1995.
 
 John Richard Angotti, ANGOTTI & STRAFACE, Morgantown, WV, for Appellant. William D. Wilmoth, United States Attorney, Thomas O. Mucklow, Assistant United States Attorney, Wheeling, WV, for Appellee.
 Before HALL, HAMILTON, and MOTZ, Circuit Judges.
 OPINION
 PER CURIAM:
 
 
 1
 Clark Wayne Curry appeals the district court's denial of his motion to withdraw his guilty plea on the ground that it was not entered into knowingly and voluntarily. He also appeals his sentence in that he contends the amount of cocaine base attributed to him was not properly supported by the evidence. We affirm.
 
 
 2
 Curry was charged in a second superseding indictment with six counts of conspiracy and distribution of cocaine and cocaine base. Curry was one of seven defendants named in the 100-count indictment which charged the defendants with operating a large scale crack cocaine distribution network in West Virginia between January 1991 and April 1993.
 
 
 3
 The operation was headed by Andre Williams (a/k/a Andre Curry). Curry served as both "cooker" (converting cocaine hydrochloride into crack cocaine) and "runner" (distributing the crack) for Williams. In March 1992, Curry accompanied Williams to New York to pick up one kilogram of cocaine, one half of which he cooked into crack; Curry delivered the other half (500 grams) to a friend in Uniontown, Pennsylvania. In that same month, Curry again went to New York with Williams to purchase fourteen ounces of cocaine (396 grams). Between January and April 1992, Curry distributed to one of Williams' customers between one-half and one ounce of cocaine on four to five occasions.
 
 
 4
 Curry entered into a plea agreement on December 6, 1993, in which he agreed to plead guilty to one count (Count Nine) of distributing crack cocaine, 21 U.S.C. Sec. 841(a)(1) (1988). The plea agreement contained a stipulation that the total relevant conduct would be no greater than 1 kilogram of cocaine base (crack cocaine) and 500 grams of cocaine hydrochloride. The presentence investigation report recommended a base offense level of thirty-six, based upon 1 kilogram of crack cocaine and 500 grams of cocaine hydrochloride (powder cocaine). Curry filed six objections to the report, all challenging the amount of drugs for which he would be held accountable at sentencing.
 
 
 5
 On March 14, 1994, the district court conducted a sentencing hearing at which Curry made an oral motion to withdraw his guilty plea. Curry's motion was denied. The district court then conducted an evidentiary hearing with respect to Curry's objections to the relevant conduct calculation contained in the presentence report. The government presented the testimony of Special Agent Kenneth Winkie, United States Drug Enforcement Administration, and Probation Officer Terry Huffman. Curry testified and recalled Agent Winkie. The district court concluded that Curry's relevant conduct amounted to 554.62 grams of cocaine base and sentenced him to 135 months' imprisonment. On appeal, Curry contests the denial of his motion to withdraw his guilty plea and the court's determination of the amount of crack cocaine used to calculate his base offense level.
 
 
 6
 We review the district court's denial of Curry's motion to withdraw his guilty plea for abuse of discretion. United States v. Craig, 985 F.2d 175, 178 (4th Cir.1993). A defendant does not have an absolute right to withdraw a guilty plea, even before sentencing. United States v. Moore, 931 F.2d 245, 248 (4th Cir.), cert. denied, 502 U.S. 857 (1991). Rather, the defendant bears the burden of demonstrating that a "fair and just reason" supports his request to withdraw his plea. Id. Factors considered in determining whether a defendant has shown a fair and just reason for withdrawing his guilty plea include (1) whether the defendant has offered credible evidence that his plea was not knowing or voluntary; (2) whether the defendant has credibly asserted his legal innocence; (3) whether there has been a delay between the entering of the plea and the filing of the motion; (4) whether the defendant had close assistance of competent counsel; (5) whether withdrawal will cause prejudice to the government; and (6) whether it will inconvenience the court and waste judicial resources. Moore, 931 F.2d at 248-49.
 
 
 7
 Applying the factors enumerated above, we find that the district court did not abuse its discretion in denying Curry's motion to withdraw his plea. First, Curry asserted that his guilty plea was involuntary because: "[I] felt like I was in a corner and things were like being rushed to me, and I couldn't, you know, get my head together." Curry also claims that his use of cocaine during the period leading up to his plea impaired his thinking. We have reviewed the record, including the written plea agreement and the transcript of the district court's Rule 11 colloquy, and are of the opinion that the record supports the district court's finding that Curry's plea was knowing and voluntary.
 
 
 8
 At the Rule 11 hearing, the district court questioned Curry at length regarding his understanding of the plea agreement and its consequences. Curry responded affirmatively to the district court's questions that he had received a copy of the charges against him and that he had fully discussed the charges with his counsel. Curry also responded affirmatively that he had read the plea agreement before he signed it, that it was explained to him by counsel as well, and that he understood the possible penalties he faced. Curry denied that he had taken any medicine or drugs or consumed any alcoholic beverages within twenty-four hours. At the conclusion of the hearing, the district court found that Curry had made his plea freely and voluntarily, that he was aware of the consequences of his plea, and that the elements of the crime to which he pled guilty had been established.
 
 
 9
 Second, Curry has not asserted his legal innocence; rather, he objects to the amount of cocaine for which he was held accountable at sentencing. Third, Curry attempted to withdraw his plea thirteen weeks after the plea hearing. A delay of six weeks has been considered excessive. See Moore, 931 F.2d 245. Fourth, Curry failed to show that he was denied close assistance of competent counsel. At the Rule 11 hearing, Curry responded affirmatively when asked whether he believed his attorney had adequately and effectively represented him throughout the proceedings and responded negatively when asked whether his attorney had left anything undone or whether Curry believed his attorney should have done more on his behalf. Fifth, the government would have been substantially prejudiced if Curry were allowed to withdraw his guilty plea because it had, by that time, dismantled its prosecutive efforts and had revealed its version of the offense in the presentence report. Finally, the district court found that withdrawal of the guilty plea would inconvenience the court and waste judicial resources. Accordingly, we conclude that the district court did not abuse its discretion in denying Curry's motion to withdraw his plea.
 
 
 10
 The district court's determination of the amount of cocaine attributable to Curry is reviewed under the clearly erroneous standard. United States v. Banks, 10 F.3d 1044, 1057 (4th Cir.1993), cert. denied, 62 U.S.L.W. 3755 (U.S.1994). Curry maintains that the district court erred by attributing to him 554.62 grams of crack cocaine because there was insufficient evidence to support its finding. Specifically, Curry alleges that the evidence relied upon by the district court--the testimony of DEA Special Agent Winkie and Probation Officer Huffman concerning statements made to them by Curry's codefendants--consisted of hearsay and was not credible.
 
 
 11
 This court has held that a sentencing court enjoys broad discretion in determining what information it will credit for sentencing purposes. See United States v. Falesbork, 5 F.3d 715, 722 (4th Cir.1993). A sentencing court may properly consider even uncorroborated hearsay that the defendant has had an opportunity to rebut or explain. Id. Curry was free to call any witnesses at the sentencing hearing to dispute the statements made by the government's witnesses. Instead, he took the stand and denied making the trips to New York and that he only "cooked" the cocaine for Andre Williams twice. The district court apparently did not find Curry's testimony sufficiently credible to rebut the government's evidence.
 
 
 12
 We therefore affirm the district court's denial of Curry's motion to withdraw his guilty plea and we affirm the sentence imposed. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 AFFIRMED