**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                          No. 95-5477

FRED GRIFFITH,
Defendant-Appellant.

Appeal from the United States District Court
for the District of South Carolina, at Anderson.
Henry M. Herlong, Jr., District Judge.
(CR-94-465)

Submitted: November 21, 1995

Decided: May 24, 1996

Before WILKINSON, Chief Judge, MURNAGHAN, Circuit Judge,
and PHILLIPS, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Benjamin T. Stepp, Assistant Federal Public Defender, Greenville,
South Carolina, for Appellant. J. Preston Strom, Jr., United States
Attorney, Harold W. Gowdy, III, Assistant United States Attorney,
Greenville, South Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Appellant Fred Griffith appeals his conviction under 18 U.S.C.A. § 924(c) (West Supp. 1995) for using a firearm during the commission of a drug trafficking crime. Griffith pled guilty to the offense, and now appeals the district court's denial of his motion to withdraw the guilty plea. Finding no error, we affirm.

Griffith was charged in a two-count indictment for the firearm offense and for possession of marijuana under 21 U.S.C. § 841(a)(1) (1988). The indictment arose from the work of government informant Gary McSwain, who recorded a conversation he had with Griffith concerning a drug transaction. As a result of the recording, police officers searched Griffith's residence, finding more than eighteen kilograms of marijuana and a .45 caliber Ruger pistol.

Griffith and the government selected a jury and prepared for trial. On the morning of trial, though, Griffith entered guilty pleas on both counts. The court conducted an appropriate inquiry pursuant to Fed. R. Crim. P. 11, and accepted the pleas.

Three months later, at his sentencing hearing, Griffith moved to withdraw the guilty plea for the firearms offense. Griffith claimed government informant McSwain coerced Griffith to plead guilty by intimidating him the night before trial with threats of harming Griffith and Griffith's girlfriend. The district court denied Griffith's motion.

We review a district court's refusal to allow a defendant to withdraw a guilty plea for abuse of discretion. United States v. Puckett, 61 F.3d 1092, 1099 (4th Cir. 1995). A defendant does not have an absolute right to withdraw a guilty plea. United States v. Ewing, 957 F.2d 115, 119 (4th Cir.), cert. denied, 505 U.S. 1210 (1992). Rather, the defendant must present a "fair and just reason" for the withdrawal.

2

Fed. R. Crim. P. 32(e). A "fair and just reason" is one that "essentially challenges . . . the fairness of the Rule 11 proceeding." United States v. Lambey, 974 F.2d 1389, 1394 (4th Cir. 1992) (in banc), cert. denied, ___ U.S. ___, 63 U.S.L.W. 3460 (U.S. Dec. 12, 1994) (No. 94-6055). However, an appropriately conducted Rule 11 proceeding raises a strong presumption that the guilty plea is final and binding. Id.

The court will consider several factors in determining whether to withdraw a guilty plea: (1) whether there was a delay between the entry of the plea and the filing of the motion; (2) whether the defendant was assisted by competent counsel; (3) whether the defendant credibly asserted his legal innocence; (4) whether the defendant offered credible evidence that his plea was not knowing or voluntary; (5) whether the withdrawal will prejudice the government; and (6) whether the withdrawal will inconvenience the court and waste judicial resources. United States v. Moore, 931 F.2d 245, 248 (4th Cir.), cert. denied, 502 U.S. 857 (1991). The defendant carries the burden of establishing a fair and just reason for withdrawal, even if the government has not shown prejudice. Lambey, 974 F.2d at 1393.

Consideration of these factors weighs against Griffith. First, three months lapsed between the time he entered his plea and the time he made the motion. See United States v. Craig, 985 F.2d 175, 178 (4th Cir. 1993); Moore, 931 F.2d at 248. Second, Griffith did not assert that he had incompetent counsel; in fact, he told that court that the attorney was "very competent." Third, Griffith never credibly asserted his legal innocence. Rather, through his attorney, he simply stated that he wanted to challenge the firearms count of the indictment, and made no declaration of actual innocence. Fourth, Griffith failed to offer credible evidence that his plea was not knowing and voluntary. The district court fully complied with the requirements of Rule 11 and specifically asked Griffith whether he had been coerced or threatened into pleading guilty. Griffith answered that he had not. As this court stated in Lambey, an "appropriately conducted Rule 11 proceeding . . . raise[s] a strong presumption that the plea is final and binding." 974 F.2d at 1394.

After consideration of these factors, we find that the district court did not abuse its discretion by denying Griffith's motion to withdraw

3

his guilty plea. Accordingly, we affirm his conviction. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

4