**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                          No. 97-4333

RUFUS HOUSER, a/k/a Pookie,
Defendant-Appellant.

Appeal from the United States District Court
for the Northern District of West Virginia, at Martinsburg.
Frederick P. Stamp, Jr., Chief District Judge.
(CR-95-12)

Submitted: March 17, 1998

Decided: May 8, 1998

Before MURNAGHAN, WILKINS, and HAMILTON,
Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Paul G. Taylor, HENRY, TAYLOR & JANELLE, Martinsburg, West
Virginia, for Appellant. William D. Wilmoth, United States Attorney,
Paul T. Camilletti, Assistant United States Attorney, Wheeling, West
Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

## OPINION

PER CURIAM:

Rufus Houser appeals the judgment entered pursuant to his plea of guilty to possession with intent to distribute crack cocaine in violation of 21 U.S.C. § 841(a)(1) (1994).* Houser contends that he did not have close assistance of competent counsel because his counsel failed to investigate prior to sentencing whether there was sentence entrapment or sentence manipulation; therefore, he claims the district court abused its discretion in denying his Fed. R. Crim. P. 32(e) motion. Finding no abuse of discretion, we affirm.

To the extent that Houser advances ineffective assistance of counsel as the basis for challenging the district court's denial of his motion to withdraw his guilty plea, we determine whether the district court abused its discretion in concluding that there was not a "fair and just" reason for allowing him to withdraw his guilty plea. See United States v. Lambey, 974 F.2d 1389, 1393 (4th Cir. 1992); United States v. DeFreitas, 865 F.2d 80, 82 (4th Cir. 1989). A"fair and just" reason is one that challenges either the fairness of the Fed. R. Crim. P. 11 colloquy or the fulfillment of a promise arising from the Rule 11 hearing. See Lambey, 974 F.2d at 1394. For ineffective assistance of counsel to constitute a fair and just reason to withdraw a guilty plea, it must be of constitutional magnitude. See id. at 1394. The defendant must show that his counsel's performance fell "`below an objective standard of reasonableness,'" and that but for counsel's alleged substandard performance, "`there is a reasonable probability that [the

_____

*Houser originally agreed to plead guilty to aiding and abetting with intent to distribute crack on March 23, 1995, in violation of 21 U.S.C. § 841(a)(1), 18 U.S.C. § 2 (1994). At his Rule 11 hearing, Houser would not plead guilty to this count. After conferring with his counsel, Houser agreed to plead guilty to possession with the intent to distribute crack in the Winter of 1994 in violation of 21 U.S.C. § 841(a)(1) (1994).

Defendant] would not have pleaded guilty.'" United States v. Craig, 985 F.2d 175, 179 (4th Cir. 1993) (quoting DeFreitas, 865 F.2d at 82).

Houser contends that his counsel did not investigate potential claims of sentencing entrapment or manipulation. However, he does not allege that there was evidence to support either of these potential claims. Nor does he aver that but for counsel's alleged substandard performance in not investigating sentencing issues, he would not have pleaded guilty. Furthermore, Houser raises no objection to the Fed. R. Crim. P. 11 hearing or to the accuracy and adequacy of the information presented to him there. He fails to claim that any promises were not fulfilled. Our review of the record reveals that the district court conducted a complete and thorough Rule 11 hearing prior to accepting Houser's guilty plea. We therefore conclude that the district court did not abuse its discretion in denying Houser's motion to withdraw his plea of guilty on the ground of not having close assistance of competent counsel. See Craig, 985 F.2d at 179-80; Lambey, 974 F.2d at 1393.

To the extent that Houser raises a claim of ineffective assistance of counsel separate and distinct from his Rule 32(e) claim, he must do so under 28 U.S.C.A. § 2255 (West 1994 & Supp. 1997) in the district court and not on direct appeal, unless it conclusively appears from the record that defense counsel did not provide effective representation. See United States v. DeFusco, 949 F.2d 114, 120-21 (4th Cir. 1991). Because the record here fails to establish conclusively that Houser's attorney rendered ineffective assistance, Houser must bring this claim in a § 2255 motion.

Accordingly, we affirm Houser's conviction and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

3