**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.

No. 97-4742

CHRISTOPHER POLYCARP TIZHE, a/k/a
Chris Olorade, a/k/a Muyiwa Tizhe,
Defendant-Appellant.

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.

No. 97-4743

CHRISTOPHER POLYCARP TIZHE, a/k/a
Chris Olorade, a/k/a Muyiwa Tizhe,
Defendant-Appellant.

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.

No. 97-4744

CHRISTOPHER POLYCARP TIZHE, a/k/a
Chris Olorade, a/k/a Muyiwa Tizhe,
Defendant-Appellant.

Appeals from the United States District Court
for the District of Maryland, at Baltimore.
J. Frederick Motz, Chief District Judge;
William M. Nickerson, District Judge;
Catherine C. Blake, District Judge.
(CR-95-59-WMN, CR-96-177-CCB, CR-97-100-CCB)

Submitted: April 21, 1998

Decided: June 16, 1998

Before WIDENER and MICHAEL, Circuit Judges, and
BUTZNER, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Christopher M. Davis, Mary E. Davis, DAVIS & DAVIS, Washing-
ton, D.C., for Appellant. Lynne A. Battaglia, United States Attorney,
Barbara S. Sale, Assistant United States Attorney, Robert Harding,
OFFICE OF THE UNITED STATES ATTORNEY, Baltimore,
Maryland, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Christopher Polycarp Tizhe appeals his convictions for conspiracy
to launder monetary instruments, illegal entry after deportation, and
conspiracy to distribute heroin. Tizhe alleges that the district court
erred in refusing to allow him to withdraw his guilty plea. Finding no
merit to his claims, we affirm.

Three weeks into trial Tizhe elected to accept a plea offer from the
government that disposed of several pending cases against him. Under

2

the terms of the binding plea agreement made pursuant to Fed. R. Crim. P. 11(e)(1)(C), Tizhe agreed to plead guilty and stipulated that it was reasonably foreseeable to him that the conspiracy laundered over two million dollars of illegally obtained money. The parties further agreed that Tizhe would receive a 168-month sentence.

At Tizhe's plea hearing he questioned the stipulation that he could reasonably foresee the laundering of over two million dollars. His attorney responded, and the district court agreed, that the amount of money laundered was not an element of the offense but was only a sentencing factor that the court could consider in deciding whether to accept the agreed upon 168-month sentence. The district court then accepted Tizhe's guilty plea, noting that either party could declare the agreement null and void if the court decided not to impose a 168-month sentence. At sentencing, the district court used the two million dollar figure in determining Tizhe's base offense level for sentencing purposes. Tizhe then moved to withdraw his guilty plea, alleging that the dollar figure in the plea agreement was neither voluntarily entered nor factually supported. The district court denied the motion to withdraw the plea and sentenced Tizhe to 168 months in accordance with the plea agreement.

This court reviews a trial court's refusal to allow a defendant to withdraw his guilty plea for an abuse of discretion. United States v. Craig, 985 F.2d 175, 178 (4th Cir. 1993). A defendant does not have an absolute right to withdraw a guilty plea, see United States v. Ewing, 957 F.2d 115, 119 (4th Cir. 1992), but must present a "fair and just" reason. See Fed. R. Crim. P. 32(e). A district court should consider the following factors in determining whether to allow a defendant to withdraw his plea: (1) whether there has been a delay between the guilty plea and the motion to withdraw; (2) whether the defendant has had the assistance of competent counsel; (3) whether the defendant has made a credible assertion of legal innocence; (4) whether there is credible evidence that the guilty plea was not knowing and voluntary; and (5) whether withdrawal will prejudice the government or will cause inconvenience to the court and waste judicial resources. United States v. Moore, 931 F.2d 245, 248 (4th Cir. 1991). The defendant bears the burden of establishing a fair and just reason even if no prejudice to the government is shown. See United States v. Lambey, 974 F.2d 1389, 1393-94 (4th Cir. 1992).

3

The district court expressly considered the above factors and found no fair and just reason to allow Tizhe to withdraw his plea. The district court found nothing to show that Tizhe did not knowingly and voluntarily enter his plea, and further noted that Tizhe had made no such assertion.[1] In addition, the court recognized that Tizhe never attempted to assert his innocence and that he had been adequately represented by counsel. Finally, the court noted that Tizhe made his request on the day of sentencing, and that any retrial would be an inconvenience and waste of judicial resources considering Tizhe agreed to plead guilty in the midst of trial. In light of these findings, we conclude that the district court did not abuse its discretion in denying Tizhe's motion to withdraw his plea.

Tizhe's contention that the district court erred in accepting the plea agreement because there was no factual basis to support the two million dollar stipulated figure in the agreement is without merit. A district court's decision to accept or reject a plea agreement is reviewed for an abuse of discretion. See United States v. Sandles, 80 F.3d 1145, 1147 (7th Cir. 1996). Contrary to Tizhe's assertions, the district court allowed Tizhe to argue at sentencing that the stipulation was erroneous and that the court should not hold him accountable for two million dollars in determining his base offense level. The district court then made a factual finding that the government established by a preponderance of the evidence the amount of money used to determine Tizhe's base offense level. Accordingly, we find that the district court did not abuse its discretion in accepting Tizhe's plea agreement.

Tizhe's argument that the district court failed to comply with United States Sentencing Guidelines Manual § 6B1.1(c) (1995),[2] is

---

[1] Tizhe's assertion on appeal that his plea was not knowingly and voluntarily entered is belied by the record. At Tizhe's Rule 11 hearings the district court carefully explained and he clearly acknowledged his understanding of the plea agreement. Tizhe's dispute with the amount of money attributed to him for sentencing purposes does not implicate the voluntariness of his plea in which he knowingly and voluntarily admitted his guilt to the material elements of the charged offense.

[2] Section 6B1.1(c) provides that the district court shall defer its decision to accept or reject a Rule 11(e)(1)(C) plea until it has reviewed the presentence report.

4

without merit. The record reveals that the district court properly accepted Tizhe's guilty plea and deferred its acceptance of the plea agreement until sentencing. See Ewing, 957 F.2d at 119. Tizhe's claim that he had a right to withdraw his plea under Fed. R. Crim. P. 11(e)(4) is also without merit. Rule 11(e)(4) addresses a defendant's rights following the district court's rejection of a plea agreement.[3] Here, Rule 11(e)(4) is inapposite because the district court accepted Tizhe's plea agreement. See Ewing, 957 F.2d at 119.

Accordingly, we find that the district court properly denied Tizhe's request to withdraw his plea and affirm his convictions. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

_____

[3] Rule 11(e)(4) states in pertinent part: "If the court rejects the plea agreement, the court shall, on the record, inform the parties of this fact, advise the defendant . . . that the court is not bound by the plea agreement, [and] afford the defendant the opportunity to then withdraw the plea."

5