**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Marc Steven CRAIG, Defendant–
Appellant.**

**No. 92–5145.**

United States Court of Appeals,
Fourth Circuit.

Argued Oct. 26, 1992.

Decided Feb. 8, 1993.

George Alan DuBois, Jr., Asst. Federal Public Defender, Raleigh, NC, argued for defendant-appellant.

Carl Horn, III, Chief Asst. U.S. Atty., Charlotte, NC, argued (Thomas J. Ashcraft, U.S. Atty., on brief) for plaintiff-appellee.

Before PHILLIPS, WILKINS, and WILLIAMS, Circuit Judges.

OPINION

PER CURIAM:

Marc S. Craig appeals the denial of his motion to withdraw his plea of guilty to three bank robberies in Charlotte and Asheville, North Carolina. Craig contends that his counsel failed first, to inform him of his constitutional right to an indictment for one of the robberies, and second, to estimate correctly the relative sentencing risks of the two plea agreements offered to him by the government. Craig also alleged before the district court that his attorney coerced his plea. He seeks reversal or, alternatively, a remand for an evidentiary hearing on his motion to withdraw his plea. We find no reversible error and affirm.

I

In September 1991, Craig was indicted for robbing two banks in Charlotte, North Carolina. During plea negotiations, the government told Craig that he was subject to a pending information for a third bank robbery in Asheville, North Carolina. Both indictments and the information charged Craig with one count of bank robbery in violation of 18 U.S.C. § 2113(a). The indictments also contained second counts, respectively for bank larceny in violation of 18

U.S.C. § 2113(b) and armed bank robbery in violation of § 2113(d).

The government offered Craig alternative plea agreements. The first required him to plead guilty to the two Charlotte robberies only, and to risk subsequent prosecution for the Asheville robbery. The second required him to plead guilty to all three robberies, despite the fact that no indictment had issued for the Asheville robbery. Upon counsel's advice that the estimated sentencing risk imposed by the first plea was nearly double that of the second plea, Craig chose the second plea.

During the Rule 11 hearing, the court asked whether Craig intended to "waive indictment" for the Asheville robbery. Craig answered, "Yes, sir," although the record does not show either that he signed a formal waiver or that he was advised explicitly of his constitutional right to an indictment. The plea agreement also provided that

> the defendant knowingly and expressly waives the right to appeal whatever sentence is imposed on any ground, including any appeal right conferred by [18 U.S.C. § 3742]. Similarly, the defendant agrees not to contest either the conviction or the sentence in any post-conviction proceeding, including, but not limited to, any proceeding under [28 U.S.C. § 2255].

The court determined that Craig's waiver of appeal rights under the plea agreement was knowing and voluntary. The court also told Craig that he faced up to twenty years' imprisonment for the three robberies. When asked whether he was "entirely satisfied with the services" of his attorney, Craig answered "Yes, sir." The court then accepted Craig's guilty plea as knowing and voluntary.

The presentence report calculated Craig's sentence under U.S. Sentencing Commission, *Guidelines Manual* § 2B3.1 (November 1991) using a base offense level of 20. It proposed a two-level enhance-

ment on all counts for robbing a financial institution, U.S.S.G. § 2B3.1(b)(1), and three-level enhancements on the second and third robberies for possessing firearms. U.S.S.G. § 2B3.1(b)(2). It also proposed a two-level reduction for accepting responsibility. U.S.S.G. § 3E1.1(a). Combined with a criminal history category of III, the guideline sentencing range was 78–97 months.

Upon learning of the presentence recommendation, Craig moved to withdraw his plea pursuant to Fed.R.Crim.P. 32(d), contending that the agreement violated his constitutional right to an indictment for the Asheville robbery. Although his motion was filed before sentencing, it was then nearly eight weeks after the Rule 11 hearing. Craig did not claim innocence in the motion, nor did he seek a trial; neither did he challenge the fairness of the Rule 11 hearing or the competence of his attorney. Instead, he requested further negotiations with the government in order to amend the plea.* Concluding that Craig presented no "fair and just reason" for withdrawing his plea, the court denied his motion without a hearing.

In the interim, Craig had filed a *pro se* Rule 32(d) motion, alleging that his plea had been coerced by his attorney and that he was "prepared to go to trial if necessary" to protect his right to due process. Craig's *pro se* motion did not come before the court until the sentencing hearing, when the court inquired of Craig's counsel whether Craig's allegations were true. Counsel denied coercing Craig, but admitted advising him that the first plea imposed a risk of receiving a sentence nearly double that likely under the second plea. The attorney also said he did not doubt that Craig felt some pressure to sign the agreement. The court did not hear Craig on the question before denying the *pro se* motion and, at the close of the hearing, sentenced

---

* Specifically, he objected to the three-level enhancement for using a weapon, evidently on the basis that no such enhancement could apply after the government had dismissed the § 2113(d) count from the second indictment.

J.A. at 40. Paragraph 2a of the plea agreement specifically states that the government would seek the enhancement, however, notwithstanding the agreement to dismiss that count.

Craig to 78 months' imprisonment. This appeal followed.

## II

We first address the government's contentions that Craig's appeal must be dismissed either because he knowingly and voluntarily waived his right to appeal or, alternatively, because his sole avenue for relief is a habeas petition under 28 U.S.C. § 2255 alleging a Sixth Amendment violation in the ineffective assistance of his counsel. We reject these contentions.

■■■ The government correctly points out that a defendant may waive his or her right of appeal "in a valid plea agreement," *United States v. Wiggins*, 905 F.2d 51, 53 (4th Cir.1990). It then suggests that here, as in *Wiggins*, the record plainly shows that Craig did just that, so that the appeal should simply be dismissed on that basis.

We disagree. Unlike the defendant in *Wiggins*, Craig's challenge to the denial of his plea-withdrawal motion incorporates a claim that the waiver of appeal as well as the guilty plea itself was tainted by his counsel's ineffectiveness: first, in failing to advise him of his right to an indictment for the Asheville robbery; next, in estimating the relative sentencing risks of the two plea agreements; and finally, in actually coercing him to plead guilty. Under these circumstances, with the waiver of appeal itself being challenged by the motion to withdraw the guilty plea, dismissal of the appeal is not warranted on that ground. *Cf. United States v. Lambey*, 974 F.2d 1389, n. * (4th Cir.1992) (en banc) (entertaining challenge to denial of Rule 32(d) motion despite defendant's waiver of right to appeal sentence).

■■■ As an alternative basis for dismissal, the government urges that Craig's appeal is, at bottom, a Sixth Amendment challenge, which may be pursued only through a § 2255 habeas petition. *See, e.g., United States v. Grandison*, 783 F.2d 1152, 1156–57 (4th Cir.), *cert. denied*, 479 U.S. 845, 107 S.Ct. 160, 93 L.Ed.2d 99 (1986).

We disagree. Where, as here, a defendant urges the ineffectiveness of counsel as the basis of a challenge to the denial of a Rule 32(d) motion, the claim is only advanced for its relevance to the determination whether there was a "fair and just reason" for allowing plea withdrawal, and not as an independent constitutional basis for reversal. As such, it is properly before the court on direct appeal. *See Lambey*, 974 F.2d at 1389; *United States v. DeFreitas*, 865 F.2d 80 (4th Cir.1989).

We therefore reject both grounds upon which the government seeks dismissal of the appeal, and turn to the merits.

## III

■■■ The decision whether to grant a Rule 32(d) motion for the withdrawal of a guilty plea is committed to the district court's discretion. *United States v. Moore*, 931 F.2d 245, 248 (4th Cir.), *cert. denied*, — U.S. —, 112 S.Ct. 171, 116 L.Ed.2d 134 (1991). Accordingly, we review here to determine whether the district court abused its discretion in determining that Craig had not shown a "fair and just reason" for being allowed to withdraw his plea—that being the Rule's standard. *Id.* Among the factors relevant to this determination are (1) whether the defendant had close assistance of competent counsel; (2) whether he credibly asserts his innocence; (3) the extent of delay between guilty plea and motion to withdraw it; and (4) whether withdrawal at the time attempted would prejudice the government or waste judicial resources. *Id.*

Of these factors, (2) and (3) clearly militate against withdrawal: Craig has never asserted, credibly or not, his innocence, and there was an interval of eight weeks between the guilty plea and Craig's first motion to withdraw it. Because the matter was not addressed, the record reveals nothing about the possible prejudice to the government, but, as always, some at least must be assumed. Treating that factor as a neutral one on the record we have, that leaves the question of the effectiveness of Craig's counsel in advising him on his legal rights as they bore upon the wisdom of pleading guilty as he did.

■ It is on this factor that Craig based his claim of fair and just reasons for withdrawal in the district court and on which he bases his contention on this appeal that in failing to find his counsel's ineffectiveness a "fair and just reason" for plea withdrawal, the district court abused its discretion. As indicated, he has relied on three claims of ineffectiveness of counsel: failure to advise him of his constitutional right to an indictment with respect to the Asheville robbery; erroneous advice about the sentencing possibilities incident to the two plea bargains offered him; and finally, outright "coercion" by his counsel to plead guilty. Counsel's ineffectiveness in any of these respects could constitute a "fair and just reason" for allowing plea withdrawal, but in this circuit only if the ineffectiveness was of constitutional magnitude. *Lambey,* 974 F.2d at 1394; *DeFreitas,* 865 F.2d at 82. This means that to constitute a fair and just reason for plea withdrawal here, not only must counsel's performance have fallen "below an objective standard of reasonableness," but it must also appear, by way of demonstrating prejudice, that but for counsel's dereliction, "there is a reasonable probability that [Craig] would not have pleaded guilty and would have insisted on going to trial." *DeFreitas,* 865 F.2d at 82.

We start inquiry by noting that Craig's indication under oath in the Rule 11 proceeding that he was "entirely satisfied with the services of [his] attorney," and the district court's ensuing finding that his plea was knowing and voluntary "constitute a formidable barrier" to our finding abuse of discretion in that court's denial of the motion to withdraw the plea. *United States v. DeFusco,* 949 F.2d 114, 119 (4th Cir.1991), *cert. denied,* —— U.S. ——, 112 S.Ct. 1703, 118 L.Ed.2d 412 (1992) (citation omitted). We find none. We take the specific charges of counsel ineffectiveness in order.

■ We can accept for purposes of this case that counsel's failure to advise Craig of his constitutional right to indictment with respect to the Asheville robbery constituted below-standard professional performance. *See, e.g., Beardslee v. United States,* 541 F.2d 705, 706 (8th Cir.1976). But we are satisfied that the district court properly could have concluded that this failure was not a "but-for" cause of Craig's plea, i.e., that the "prejudice" prong of the ineffectiveness claim was not met.

It is true that in his later filed *pro se* Rule 32(d) motion claiming outright coercion by his counsel, Craig asserted a willingness to go to trial in order to vindicate the "due process" right assertedly violated by his counsel's conduct. But it defies common sense to believe that Craig's earlier decision to plead guilty would not have been made had he known that as a technical matter (though one of constitutional magnitude) he could not be prosecuted for the Asheville robbery on the government's information unless he waived indictment. The critical facts about his state of mind at that point were his knowledge that the government considered it had a factual and legal basis for prosecuting him by *some* appropriate form of charge, his knowledge of the substance of that charge, and his personal knowledge whether there was a basis in fact for it. That he could have stood on the right not to be prosecuted on the then extant *form* of charge surely could have played no role in his decision to plead guilty to charges of whose *substance* he was fully informed—whatever the formal mode of their charging at the time.

■ The claim of mis-advice respecting sentencing possibilities under the two plea bargains is similarly lacking in merit. We have recognized that sufficiently incorrect advice on sentencing possibilities could satisfy the "performance" prong of the ineffectiveness of counsel standard in assessing Rule 32(d) denials. *See Lambey,* 974 F.2d at 1395. Without addressing whether that was the case here, we are satisfied that any mis-advice given on relative sentencing possibilities here could not be considered the but-for cause of Craig's guilty plea. *See Fields v. Att'y Gen. of Maryland,* 956 F.2d 1290, 1297 (4th Cir.) *cert. denied,* —— U.S. ——, 113 S.Ct. 243, 121 L.Ed.2d 176 (1992) (if defendants show no prejudice from alleged ineffectiveness of

counsel, courts need not address counsel's performance). Craig's claim was that his counsel incorrectly inflated the sentencing possibility under the first plea agreement by 100%, so that he was induced to enter the second agreement. Because, he claims, the sentencing risks were actually the same under both plea agreements, he received no benefit from waiving indictment on the Asheville charge. Be that as it may—and we do not address the accuracy of Craig's contentions—the record belies any conclusion that but for any such misadvice (if it was given) Craig would not have pleaded guilty. Craig ultimately entered his plea based on risk information given him by the sentencing court, not his counsel, that he could receive up to twenty years' imprisonment. This estimate, which Craig admitted to understanding at the Rule 11 hearing, was much greater than either the six and one-half year sentence he actually received or the 12 to 14 years that counsel allegedly told him he might receive under the rejected plea agreement. J.A. at 21; cf. *Lambey*, 974 F.2d at 1395–96.

█ Finally, we cannot find any error in the district court's implicit rejection of Craig's claim that in the end his counsel had bullied him into pleading guilty. Counsel's explanation of his advice to Craig respecting the wisdom of entering the second plea agreement credibly supports the district court's rejection of the claim of coercion. And this is of course bolstered by Craig's agreement during the properly conducted Rule 11 proceeding that he had been "entirely satisfied" with his counsel's services.

Accordingly, we find no abuse of discretion in the district court's denial of Craig's motion to withdraw his guilty plea because of alleged ineffectiveness of his counsel.

## IV

Although Craig did not seek an evidentiary hearing on his Rule 32(d) motion to withdraw his plea in the district court, he seeks in this court a remand for such a hearing as an alternative remedy. This would require our finding error in the district court's failure *sua sponte* to have ordered such a hearing. We cannot do that. The facts of record before the district court sufficed to support its discretionary ruling.

AFFIRMED.