**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
<u>Plaintiff-Appellee,</u>

v.                                                                    No. 96-4837

GREGORY JONES, a/k/a Boo,
<u>Defendant-Appellant.</u>

Appeal from the United States District Court
for the District of Maryland, at Baltimore.
Benson E. Legg, District Judge.
(CR-95-234-L)

Submitted: February 17, 1998

Decided: February 27, 1998

Before MURNAGHAN, NIEMEYER, and WILLIAMS,
Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Joseph J. Gigliotti, Fulton, Maryland, for Appellant. Lynne A. Bat-
taglia, United States Attorney, Robert R. Harding, Assistant United
States Attorney, Baltimore, Maryland, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

**OPINION**

PER CURIAM:

Gregory Jones appeals from the district court's order denying his Fed. R. Crim. P. 32(e) motion for withdrawal of his plea of guilty to conspiracy to distribute and to possess with intent to distribute cocaine in violation of 21 U.S.C. § 846 (1994). Finding no abuse of discretion in the denial of this motion, we affirm.

On the day his trial was scheduled to begin, Jones requested to meet with his attorney and the prosecutor, and he elected to plead guilty. During the subsequent hearing pursuant to Fed. R. Crim. P. 11, Jones stated that his lawyer had explained the plea agreement to him to his satisfaction, there were no promises outside the plea agreement, and no one had attempted to force him to enter the plea against his free will. The prosecutor summarized on the record the terms of the plea agreement, including the offense level as determined by the quantity of cocaine and the adjustments for a firearm, role in the offense, and acceptance of responsibility. The prosecutor also read the stipulated statement of facts, and Jones agreed that the facts were accurate. After Jones stated that he understood the court's explanation of the maximum sentence and how his sentence would be computed, the court accepted Jones' guilty plea.

Two months later, Jones moved to withdraw the guilty plea, asserting that he was denied the close assistance of competent counsel in entering the plea and that during the Rule 11 hearing the district court failed to make findings to determine whether Jones' plea was freely and voluntarily entered. The district court held a hearing on the motion and, in an oral decision, denied the motion to withdraw the guilty plea. After the court sentenced Jones to 272 months imprisonment, Jones appealed from the denial of his motion to withdraw his plea.

In considering a motion to withdraw a guilty plea, the district court should weigh the defendant's evidence that the plea was not knowing or voluntary, the credibility of the defendant's assertion of his legal innocence, any delay between the entry of the plea and the filing of the motion to withdraw the plea, whether the defendant has had the

close assistance of competent counsel, any prejudice to the government, and inconvenience to the court or waste of judicial resources. See United States v. Moore, 931 F.2d 245, 248 (4th Cir. 1991).

It is undisputed that Jones never contended that he was innocent of the charges. He merely asserted that the quantity was "too high." It is also undisputed that there was a two-month delay between the entry of the plea and Jones' motion to withdraw the plea. See Moore, 931 F.2d at 248 (six weeks is a long delay). Further, the government would be prejudiced by allowing Jones to withdraw his plea. All of the cooperating co-defendants had been sentenced before Jones' motion was filed; therefore, they would no longer have much incentive to testify against Jones. On appeal, Jones contends only that the district court improperly determined that he failed to present credible evidence that the plea was not knowing and voluntary and that he was denied the close assistance of competent counsel.

At the hearing on his motion to withdraw his plea, Jones testified that ten minutes before his trial was scheduled to begin, his attorney presented him with the plea agreement. He stated that his attorney did not read the agreement to him, but merely reviewed the first page, assured him that he would receive a fifteen-year sentence, and advised him to answer "yes" to the judge's inquiries during the Rule 11 hearing. Jones testified that, although he did not agree with the stipulation in the plea agreement, he was afraid of receiving the maximum sentence of life imprisonment; therefore he entered a guilty plea and affirmatively answered the judge's questions during the hearing. Regarding the cooperation provision, Jones stated that he was informed that he would receive the reduction for cooperation if his plea induced other co-defendants to plead guilty; he was not informed that he would be required to testify against them.

The case agent, the prosecutor, and Jones' former counsel also testified at the hearing. They testified that the case against Jones was strong and the evidence overwhelming. Further, they stated that during the many prior plea discussions, Jones was informed extensively about the benefits of cooperation and what that would involve, including which co-defendants he would be expected to testify against. They also testified that no plea offer to Jones provided for a fifteen-year sentence. Jones' former counsel testified that he did not instruct

3

Jones to merely response "yes" to the questions during the plea hearing, and, on the morning that Jones pled guilty, he read the entire plea agreement to Jones, word for word, from front to back. Counsel also testified that he did not promise Jones a fifteen-year sentence; rather, he informed Jones that the lowest possible sentence would be seventeen and a half years.

In denying the motion, the district court stated that, based on Jones' statements during the Rule 11 hearing and on the testimony during the hearing on the motion to withdraw the plea, he found incredible Jones' testimony concerning the plea agreement and his acceptance of the plea. This court affords great deference to credibility determinations, which depend on the court's observation of the witnesses' demeanor and manner. See United States v. Saunders, 886 F.2d 56, 60 (4th Cir. 1989); United States v. Cecil, 836 F.2d 1431, 1441 (4th Cir. 1988). Crediting the testimony of the prosecutor and Jones' former counsel, and after reviewing the Rule 11 hearing transcript, we find that the district court did not err in finding that Jones freely and voluntarily entered the guilty plea.

Further, the court discredited Jones' testimony that his attorney advised him he would receive a sentence of fifteen years, where the plea agreement provided for--at best and with cooperation--seventeen and a half years. Counsel testified that he never promised Jones a fifteen-year sentence. We find that the district court appropriately concluded that Jones' former counsel's performance did not fall below an objective standard of reasonableness. See United States v. Craig, 985 F.2d 175, 179 (4th Cir. 1993). Moreover, this court has previously upheld the denial of a motion to withdraw a guilty plea where the defendant claimed reliance on counsel's advice that his sentence would be 78 to 108 months and defendant was sentenced to 360 months. See United States v. Lambey, 974 F.2d 1389, 1394-96 (4th Cir. 1992); see also United States v. Lambert , 994 F.2d 1088, 1093 (4th Cir. 1993).

Additionally, Jones has not shown that but for the advice of counsel he would have proceeded to trial. See Craig , 985 F.2d at 179. Rather, it was he who called the meeting to discuss a plea ten minutes before jury selection in his case. He stated that he accepted the plea hoping to obtain a lesser sentence because he was afraid that he would

4

receive a life imprisonment sentence if he went to trial and were found guilty on all charges. Further, Jones was aware that the government had a strong case against him.

Therefore, we affirm the district court's order denying Jones' motion to withdraw his plea. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

5