UNPUBLISHED

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                              No. 97-4150

OSCAR LEON HERNANDEZ,
Defendant-Appellant.

Appeal from the United States District Court
for the Northern District of West Virginia, at Martinsburg.
Frederick P. Stamp, Jr., Chief District Judge.
(CR-96-3)

Submitted: April 7, 1998

Decided: April 29, 1998

Before HAMILTON, WILLIAMS, and MICHAEL, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Timothy F. Cogan, Donald J. Tennant, Jr., CASSIDY, MYERS,
COGAN, VOEGELIN & TENNANT, L.C., Wheeling, West Virginia,
for Appellant. William D. Wilmoth, United States Attorney, Paul T.
Camilletti, Assistant United States Attorney, Wheeling, West Vir-
ginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Oscar Leon Hernandez pled guilty to participating in a continuing criminal enterprise in violation of 21 U.S.C.A.§ 848 (West Supp. 1998), and the court sentenced him to a 262-month prison sentence to be followed by four years of supervised release. Hernandez appeals, claiming that the district court erred in denying his motions to substitute counsel and to withdraw his guilty plea and that his counsel provided ineffective assistance. We affirm.

I.

Hernandez was charged in two indictments with conspiracy to possess with intent to distribute and to distribute crack cocaine, possession with intent to distribute crack, aiding and abetting in a homicide in furtherance of a continuing criminal enterprise ("CCE"), and participating in a CCE. Hernandez agreed to plead guilty to participating in a CCE, and the government agreed to dismiss the remaining charges. Hernandez executed the plea agreement on October 3, 1996.

During the plea colloquy on October 15, 1996 (one day before Hernandez' trial was scheduled to begin), Hernandez admitted that he was guilty of participating in a CCE and that the plea was not the result of threats or promises not contained in the plea agreement. The district court then asked Hernandez if he believed counsel had provided adequate and effective representation. Hernandez replied, "To an extent." (J.A. at 112). When the court inquired further, Hernandez explained that counsel failed to interview over 100 witnesses on the government's witness list and to interview members of his family. The court asked Hernandez what witnesses were not interviewed and what information could have been provided by them to help his defense. Hernandez merely restated the number of witnesses counsel failed to interview, and he admitted for the second time that he was guilty of participating in a CCE.

2

Hernandez' counsel explained that they reviewed the statements of witnesses interviewed by government agents and decided not to interview some of them so that at trial the witnesses could be impeached by attacking the portions of their statements Hernandez said were incorrect. Moreover, counsel interviewed witnesses who were critical to Hernandez' defense of the CCE and murder in furtherance of the CCE charges. Counsel's strategy included challenging the number of associates that could be connected to Hernandez and showing that he had not gained financially. Because the government had a videotape of Hernandez delivering crack cocaine and receiving money for it, counsel decided not to focus on defending the distribution counts. Counsel also stated that many of the witnesses on the government's list were codefendants, whose attorneys likely would not have permitted their clients to discuss the case. Finally, counsel planned to call some members of Hernandez' family but decided not to call Hernandez' girlfriend as a witness because her prior statements were inconsistent. Based on these facts, counsel argued that they were adequately prepared for trial and to recommend that Hernandez enter a guilty plea to participating in a CCE. Counsel also noted that Hernandez benefitted from the plea agreement by avoiding the possible life sentence if convicted of the murder and having an opportunity to cooperate with the government. At the conclusion of counsel's argument, the court asked Hernandez if he was guilty of participating in a CCE, and Hernandez for a third time stated that he was guilty.

In addressing Hernandez' ineffective assistance of counsel claim, the court noted that such claims generally should be raised in a collateral proceeding under 28 U.S.C.A. § 2255 (West 1994 & Supp. 1998). The court found that counsel's performance did not fall below an objective standard of reasonableness and that in light of Hernandez' repeated admissions of guilt, the outcome of the proceeding would not have been different. The court then accepted Hernandez' guilty plea, concluding that Hernandez was competent to enter a plea, he made the plea freely and voluntarily, and a factual basis supported the plea.

About four months after the court accepted his plea and one week before sentencing, Hernandez filed pro se a motion to substitute counsel and to withdraw his plea. The district court denied the motion to substitute counsel, finding that it was untimely filed and that Her-

3

nandez did not show good cause to appoint new counsel. With regard to Hernandez' motion to withdraw his guilty plea, the court applied the six-factor test set forth in United States v. Moore, 931 F.2d 245, 248 (4th Cir. 1991), and denied the motion. The court sentenced Hernandez to a 262-month prison term and imposed four years of supervised release. Hernandez timely appeals.

II.

Hernandez first claims that the district court erred by denying his motion to substitute counsel. In determining whether to grant or deny a motion to substitute counsel, a district court must consider: "(1) whether the motion for substitute counsel was timely; (2) whether the district court's inquiry into the defendant's complaint was sufficient; and (3) whether the conflict between attorney and client was so great as to amount to a `total lack of communication,' thereby preventing an adequate defense." United States v. Morsley, 64 F.3d 907, 918 (4th Cir. 1995) (quoting United States v. Hanley, 974 F.2d 14, 17 (4th Cir. 1992)). We review the district court's denial for an abuse of discretion. See United States v. Corporan-Cuevas, 35 F.3d 953, 956 (4th Cir. 1994).

Hernandez' request for new counsel was not timely made, coming one week before sentencing and about four months after the court accepted his guilty plea. Moreover, at the plea colloquy, the district court explored at length Hernandez' complaint that counsel failed to interview witnesses. Finally, there is no evidence that the conflict between Hernandez and his counsel was so great that it resulted in a total lack of communication preventing an adequate defense. See Morsley, 64 F.3d at 918. On these facts, we find that the district court did not abuse its discretion in denying Hernandez' motion to substitute counsel. See Corporan-Cuevas, 35 F.3d at 956.

Nor did the district court abuse its discretion in denying Hernandez' motion to withdraw his guilty plea. See United States v. Wilson, 81 F.3d 1300, 1305 (4th Cir. 1996) (stating standard of review). Withdrawal of a guilty plea is not a matter of right. See Moore, 931 F.2d at 248. The defendant bears the burden of showing a "fair and just reason" for the withdrawal of his guilty plea. See Fed. R. Crim. P. 32(e); United States v. Hyde, ___ U.S. ___, 65 U.S.L.W.

4

4369 (U.S. May 27, 1997) (No. 96-667). "[A]`fair and just' reason . . . is one that essentially challenges . . . the fairness of the [Fed. R. Crim. P.] 11 proceeding." United States v. Lambey, 974 F.2d 1389, 1394 (4th Cir. 1992) (en banc). An appropriately conducted Rule 11 proceeding, however, raises a strong presumption that the guilty plea is final and binding. Id.

Courts consider six factors in determining whether to permit the withdrawal of a guilty plea: (1) whether defendant offered credible evidence that the plea was not knowing or voluntary; (2) whether defendant credibly asserted his legal innocence; (3) the length of delay between the entry of the plea and the filing of the motion to withdraw; (4) whether defendant had assistance of effective counsel; (5) whether withdrawal would prejudice the government; and (6) whether withdrawal would inconvenience the court or waste judicial resources. See Moore, 931 F.2d at 248. The defendant carries the burden of establishing a fair and just reason for withdrawal, even if the government has not shown prejudice. See Lambey , 974 F.2d at 1393-94.

Hernandez primarily contends that he should be allowed to withdraw his guilty plea because counsel provided ineffective assistance by failing to interview witnesses.* For ineffective assistance of counsel to constitute a fair and just reason to withdraw a guilty plea, it must be of a constitutional magnitude. See id. at 1394. To constitute a fair and just reason, counsel's performance must fall "`below an objective standard of reasonableness,'" and prejudice must be shown by demonstrating that absent the substandard performance, "`there is a reasonable probability that [defendant] would not have pleaded guilty and would have insisted on going to trial.'" United States v. Craig, 985 F.2d 175, 179 (4th Cir. 1993) (quoting United States v. DeFreitas, 865 F.2d 80, 82 (4th Cir. 1989)).

_____

*To the extent Hernandez raises other claims of ineffective assistance of counsel that are unrelated to the withdrawal of his guilty plea, such claims should be raised in a motion under 28 U.S.C.A. § 2255 (West 1994 & Supp. 1998), and not on direct appeal, unless the record conclusively shows that counsel was ineffective. See United States v. King, 119 F.3d 290, 295 (4th Cir. 1997).

5

We find that Hernandez fails to show that counsel's failure to interview all of the witnesses on the government's witness list prejudiced him. Hernandez presented no evidence at the plea colloquy or on appeal about what testimony the witnesses could have provided to help his defense. Moreover, Hernandez admitted three times during the plea colloquy that he was, in fact, guilty of participating in a CCE.

Consideration of the remaining Moore factors also weighs against Hernandez. He offers no credible evidence that his plea was not knowing and voluntary. Also, the district court fully complied with Rule 11. See Wilson, 81 F.3d at 1307 ("The key to a [Rule] 32(e) motion is whether or not the Rule 11 proceeding was properly conducted."). Moreover, during the plea hearing, Hernandez stated that his plea was not the result of threats or promises not contained in the plea agreement. He makes no credible assertion of innocence but rather admitted three times during the plea hearing that he was guilty of participating in a CCE. Further, the four-month delay between Hernandez' plea and the motion to withdraw is significant. See Moore, 931 F.2d at 248 (finding that six-week delay militated against withdrawal of plea). Finally, allowing Hernandez to withdraw his plea in light of his repeated admissions of guilt might prejudice the government and would waste judicial resources. We therefore find that the district court did not abuse its discretion in denying the motion to withdraw. See Wilson, 81 F.3d at 1305.

III.

Accordingly, we affirm Hernandez' conviction. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

6