UNPUBLISHED

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                              No. 97-4689

ARTHUR ALLEN HALEY,
Defendant-Appellant.

Appeal from the United States District Court
for the District of South Carolina, at Charleston.
David C. Norton, District Judge.
(CR-96-669)

Submitted: August 20, 1998

Decided: September 18, 1998

Before ERVIN and HAMILTON, Circuit Judges, and
BUTZNER, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

G. Wells Dickson, Jr., Charleston, South Carolina, for Appellant. Isa-
belle Katz Pinzler, Acting Assistant Attorney General, Jessica Dunsay
Silver, Lisa Wilson Edwards, UNITED STATES DEPARTMENT OF
JUSTICE, Washington, D.C., for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Arthur Allen Haley appeals his convictions for conspiracy against the rights of citizens, in violation of 18 U.S.C.A.§ 241 (West Supp. 1998); use of fire to commit the offense of conspiracy against the rights of citizens, in violation of 18 U.S.C.A.§ 844(h)(a) (West Supp. 1998); and aiding and abetting, in violation of 18 U.S.C.A. § 2 (West Supp. 1998). Haley alleges that the district court erred in refusing to allow him to withdraw his guilty plea. Finding no merit to his claim, we affirm.

The record shows that Haley was a member of the Ku Klux Klan and was involved in the burning of a black church and a migrant camp. Haley originally employed private counsel to represent him, who represented him through the tendering of the guilty plea on December 9, 1996. Subsequent to the acceptance of the guilty plea by the district court, Haley was sent to a Federal Correctional Institution (FCI) at Butner, North Carolina, for a presentence study of his mental and physical health. Haley sent a letter to the district court on February 27, 1997, stating his desire to withdraw his plea of guilty. On February 28, 1997, the Mental Health Division of the FCI completed its presentence report on Haley and submitted it to the district court (FCI report). On March 10, 1997, Haley filed a pro se motion to have his counsel relieved and to have new counsel appointed. He also filed two motions requesting the court to allow him to withdraw his guilty plea.

The district court appointed current counsel, and Haley, through his counsel, filed a supplemental motion with memorandum in support of his previously filed motion to withdraw his guilty plea. After holding a hearing on the motion to withdraw on July 3, 1997, the court denied the motion. Haley was sentenced to a term of 258 months imprisonment.

2

On appeal, Haley contends that the district court erred in denying his motion to withdraw his guilty plea because his plea was not given knowingly or voluntarily.

This court reviews a trial court's refusal to allow a defendant to withdraw his guilty plea for an abuse of discretion. See United States v. Craig, 985 F.2d 175, 178 (4th Cir. 1993). A defendant does not have an absolute right to withdraw a guilty plea, see United States v. Ewing, 957 F.2d 115, 119 (4th Cir. 1992), but must present a "fair and just" reason. See Fed. R. Crim. P. 32(e). A "fair and just reason" is one that "essentially challenges . . . the fairness of the Rule 11 proceeding." United States v. Lambey, 974 F.2d 1389, 1394 (4th Cir. 1992). An appropriately conducted proceeding pursuant to Fed. R. Crim. P. 11, however, raises a strong presumption that the guilty plea is final and binding. Id. A district court should consider the following factors in determining whether to allow a defendant to withdraw his plea: (1) whether there has been a delay between the guilty plea and the motion to withdraw; (2) whether the defendant has had the assistance of competent counsel; (3) whether the defendant has made a credible assertion of legal innocence; (4) whether there is credible evidence that the guilty plea was not knowing and voluntary; and (5) whether withdrawal will prejudice the government or will cause inconvenience to the court and waste judicial resources. See United States v. Moore, 931 F.2d 245, 248 (4th Cir. 1991). The defendant bears the burden of establishing a fair and just reason even if no prejudice to the government is shown. See Lambey, 974 F.2d at 1393-94.

The district court expressly considered the above factors and found no fair and just reason to allow Haley to withdraw his plea. As the district court found, a review of the Moore factors weighs against allowing Haley to withdraw his plea. 931 F.2d at 248. Haley does not dispute that the district court conducted a thorough and proper plea hearing. See FRCP 11. Thus, there is a strong presumption that the guilty plea was final and binding. See Lambey , 974 F.2d at 1394. Haley, however, claims that his testimony at the plea hearing should be tempered by his testimony at the July 3 hearing on the motion to withdraw his guilty plea. At that hearing, he claimed that his guilty plea "was made up or conjured up, worded to suit the prosecution." He argued that the only reason he pled guilty was to receive adequate medical and psychiatric treatment. He further argued that at the time

3

he pled guilty he did not know what he was saying because of his medical condition.

During his plea hearing, however, Haley testified that although he had taken medication prescribed by his physician within twenty-four hours of the hearing, it did not have an affect on his ability to understand what was going on at the plea hearing. He further testified that he understood what was happening. Haley's counsel testified that he did not have any concern as to whether the medications Haley had been prescribed affected his ability to understand what was happening during his conversations with his counsel and the Government. We note that while Haley's health may have improved between the time that he pled guilty and the hearing on his motion to withdraw his guilty plea, there was no evidence that at the time he pled guilty he was unable to understand the proceeding.

Medical evidence as to Haley's health is also consistent with the district court's finding that Haley was competent to enter a guilty plea. Prior to entering into the plea agreement, Haley was examined by medical experts at the South Carolina Department of Mental Health and a report of that examination was sent to the district court. The report stated that Haley suffered from Panic Disorder with Agoraphobia and an Adjustment Disorder with Anxiety and medication has helped control his panic attacks. The report further stated that Haley was "alert, cooperative, oriented to time place and person and, mildly restless without movement disorder." Lastly, the report stated that "Haley's cognition was grossly intact." The FCI report prepared after Haley pled guilty confirmed that he suffered from a long history of Panic Disorder with Agoraphobia. The report stated that Haley was "awake, alert, and oriented appropriately," and did not display any abnormal involuntary movements, abnormal speech, looseness of associations, nor did he appear to be in acute distress. The report's psychological evaluation revealed that Haley "was not suffering from a severe psychological problem."

The evidence further contradicts Haley's claim that he pled guilty in exchange for receiving proper medical treatment. Haley testified at the July 3 hearing that during his incarceration prior to entering the guilty plea he received medication to control his panic disorder. Furthermore, Haley's counsel testified at the July 3 hearing that he never

4

informed Haley that unless he pled guilty he would be denied medical treatment.

Addressing the remaining <u>Moore</u> factors, although Haley claims that he is innocent, he does not offer any specific explanation refuting his guilt, which he admitted at his plea hearing. An unsubstantiated claim of innocence does not satisfy Haley's burden of showing a fair and just reason to withdraw his guilty plea. Also, Haley pled guilty on December 9, 1996, and did not express his desire to withdraw his guilty plea until February 27, 1997. <u>See Moore</u>, 931 F.2d at 248 (finding six-week delay in filing motion to withdraw guilty plea to be long). Furthermore, Haley had competent assistance of counsel at his plea hearing. At his plea hearing, Haley testified that he was satisfied with his counsel's representation, his counsel had done everything asked of him, and he had plenty of time to discuss both the charges against him and the terms of the plea agreement. Lastly, as the district court recognized, the remaining factors, prejudice to the Government and waste of judicial resources, weighed less heavily although in favor of denying Haley's motion. Therefore, we find that the district court did not abuse its discretion in denying Haley's motion to withdraw his guilty plea. <u>See Craig</u>, 985 F.2d at 178.

Accordingly, we affirm Haley's convictions. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>

5