**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                                  No. 98-4277

PAUL JAMES,
Defendant-Appellant.

Appeal from the United States District Court
for the Western District of Virginia, at Danville.
Jackson L. Kiser, Senior District Judge.
(CR-97-70095)

Submitted: November 10, 1998

Decided: December 2, 1998

Before WILLIAMS and MICHAEL, Circuit Judges, and
BUTZNER, Senior Circuit Judge.

_____

Affirmed in part and dismissed in part by unpublished per curiam
opinion.

_____

**COUNSEL**

Mark Timothy Williams, WILLIAMS, MORRISON, LIGHT &
MOREAU, Danville, Virginia, for Appellant. Robert P. Crouch, Jr.,
United States Attorney, Anthony P. Giorno, Assistant United States
Attorney, Roanoke, Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Paul James appeals from concurrent eighty-seven month sentences imposed after he pled guilty to five counts of distributing crack cocaine in violation of 21 U.S.C.A. § 841 (West 1981 & Supp. 1998). Following the district court's colloquy pursuant to Fed. R. Crim. P. 11, the court found that James understood "the nature and consequences of a plea of guilty, and that he . . . [entered] it voluntarily." James then executed the plea agreement in open court, and the court accepted the plea. In his plea agreement, James waived his right to appeal sentencing guidelines issues. James retained only the right to appeal an upward departure. Four days later, he sent a letter to the district judge requesting to withdraw his plea. The judge denied James' motion to withdraw his plea but granted his motion for the appointment of new counsel. Following his attempt to change his plea, James moved to have a psychiatric evaluation performed on himself. The district court denied the motion after a hearing for lack of reasonable cause to order a psychiatric evaluation. After sentencing, James filed a timely notice of appeal.

James raises three issues on appeal. He asserts that the district court erred in not ordering an evaluation of his competency, in not allowing him to withdraw his plea, and in not imposing a sentence of less than the mandatory minimum under the safety valve provision of U.S. Sentencing Guidelines Manual § 5C1.2 and 18 U.S.C.A. § 3553(f).

I.

Due process requires that a defendant be legally competent before he enters a guilty plea or is convicted of a crime. See United States v. Mason, 52 F.3d 1286, 1289 (4th Cir. 1995). Thus, the district court should order a competency hearing if there is reasonable cause to believe that the defendant may be presently suffering from a mental

2

disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and the consequences of the proceedings against him or assist properly in his defense. See 18 U.S.C.A. § 4241(a) (West 1994); see also United States v. Truglio, 493 F.2d 574, 578 (4th Cir. 1974). The district court's determination of whether reasonable cause exists is reviewed for an abuse of discretion. See Mason, 52 F.3d at 1289.

In the present case, the district court did not abuse its discretion by denying James' motion for an evaluation. Despite the fact that James was a long-term addict who had lost his pancreas and done other permanent damage to his body, the record shows that James consulted with his lawyer at the time he pled guilty and that he had both a rational as well as a factual understanding of the proceedings against him. See United States v. Crump, 120 F.3d 462, 467 (4th Cir. 1997). Despite testimony that James had been incoherent in jail when he was not receiving his insulin, James testified that he had received his insulin shot on the day he entered his guilty plea. James answered the judge's Rule 11 questions with little difficulty.

Two days after his plea, he met with Frank Fuller, the probation officer who prepared the presentence report. Fuller testified that James "was able [two days after his guilty plea] to relate the events that had happened clearly" and that James seemed rational and coherent. (J.A. at 68.) James' attorney of record at the time of his plea stated at the hearing on the motion to withdraw James' plea that James had "been cooperative . . . and very straightforward and completely easy to talk to up until the moment" the plea withdrawal letter was composed. (J.A. at 51.) Even with James' extensive contacts with physicians and mental health professionals for his health and addiction problems and James' brief hospitalization during incarceration for complications arising from diabetes, James has never been referred to a psychiatrist or treated for mental illness.

Under these circumstances, we find that the district court did not abuse its discretion in finding that James did not show reasonable cause for a psychiatric evaluation to be performed.

II.

Before a defendant may withdraw his plea, he must make a showing of a "fair and just reason" for the withdrawal. See United States

v. Moore, 931 F.2d 245, 248 (4th Cir. 1991). The district court's ruling on this issue is reviewed for abuse of discretion. See id. James presented to the district court two grounds in support of his motion to withdraw: (1) that he was an addict and that is the reason he committed the crimes, and (2) that an informant lured James into selling the drugs. On appeal, James emphasizes that his competency to enter his guilty pleas is in question. The district court's finding that James' plea was knowing and voluntary in the Rule 11 proceeding constitutes a "formidable barrier" to the finding of abuse of discretion in the denial of a motion to withdraw the plea. See United States v. Craig, 985 F.2d 175, 179 (4th Cir. 1993).

Given the fact that James was competent to enter a plea, that he had competent counsel with whom he discussed the plea prior to entering his plea, and that James fails to credibly assert his legal innocence, we find that the district court did not err in finding that James failed to present a fair and just reason for the withdrawal of his plea.

III.

James next challenges the deletion of the reduction in his base offense level pursuant to the safety valve provision in his amended presentence report. As the Government properly notes, in the plea agreement James waived his "right to appeal sentencing guideline factors, including those conferred by Title 18, United States Code, Section 3742, except for an upward departure from the Guidelines." (J.A. at 38-39.) Other than his general argument on competency, James does not challenge his assent to this provision. Because he knowingly and voluntarily waived his right to appeal this determination by the district court, we dismiss this portion of the appeal.

Accordingly, we affirm James' conviction and dismiss the appeal of his sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED IN PART; DISMISSED IN PART

4