UNPUBLISHED

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.

LAMONT DAVIS, a/k/a Lamont

Spencer, a/k/a Leon Davis, a/k/a
Texas, a/k/a Lamont Simpson, a/k/a
Carl Davis,
Defendant-Appellant.

No. 98-4612

Appeal from the United States District Court
for the Western District of Virginia, at Harrisonburg.
Norman K. Moon, District Judge.
(CR-97-24-H)

Submitted: January 26, 1999

Decided: February 16, 1999

Before WILKINS, LUTTIG, and MOTZ, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Roland M. Santos, Harrisonburg, Virginia, for Appellant. Robert P.
Crouch, Jr., United States Attorney, Joseph W. H. Mott, Assistant
United States Attorney, Michael Resch, Third Year Law Intern, Roa-
noke, Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Lamont Davis appeals from the district court's judgment order entered pursuant to his plea of guilty to one count of conspiring to distribute cocaine. Seven codefendants pled guilty before the scheduled trial date, and on January 12, 1998, trial began for Davis and two additional codefendants. On the third day of trial, however, Davis pled guilty. The district court conducted a plea colloquy pursuant to Federal Rule of Criminal Procedure 11(c), to ensure that the plea was knowing and voluntary. The court advised Davis of various rights associated with his right to a trial, such as his right to testify or not testify, to confront and cross-examine witnesses, and inquired whether Davis understood these rights. Most crucial to this case, the court also asked Davis whether he understood that he had "a right to continue with this jury trial," and that if he pled guilty, the jury "will be discharged insofar as your case is concerned."

Davis answered all these questions affirmatively, and the district court accepted his plea. On May 28, 1998, Davis wrote a letter to the court complaining about his counsel's performance, stating among other things that counsel pressured him to plead guilty. He also alleged that he never received a fair deal from the prosecution. The court construed this letter as a motion to withdraw Davis' guilty plea and scheduled a hearing on the matter.

At the hearing held July 10, 1998, Davis' newly appointed counsel argued for the first time that Davis' plea was not knowing and voluntary because even though the trial court explicitly advised Davis that if he pled guilty he would waive his right to a jury trial, the court did not say that Davis could never receive a trial of any kind. Davis therefore maintained that he believed, despite his guilty plea, that he could still receive a bench trial at a later date.

2

The district court found as fact that "just from his countenance, his demeanor, and from everything in his testimony, that he's not being truthful on that story." The court later issued a written order denying the motion in which it applied the six-prong test set forth in United States v. Wilson, 81 F.3d 1300, 1306 (4th Cir. 1996), for evaluating motions to withdraw guilty pleas. Finding that all six factors weighed against granting permission to withdraw, the court denied the motion. The only issue in this appeal is the propriety of the district court's denial of that motion.

We review a district court's refusal to grant a motion to withdraw a guilty plea for abuse of discretion. Id. at 1305. Pursuant to Rule 32(e), the district court may grant a motion to withdraw a plea if the defendant provides a "fair and just reason" for withdrawal. United States v. Craig, 985 F.2d 175, 178 (4th Cir. 1993). Initially, we note that the district court properly employed the six-factor test enunciated in Wilson in considering this question. The six factors include whether: (1) defendant has offered credible evidence that his plea was not knowing or not voluntary; (2) defendant has credibly asserted his legal innocence; (3) there has been a delay between the entering of the plea and the filing of the motion; (4) the defendant has had close assistance of competent counsel; (5) withdrawal will cause prejudice to the government; and (6) will inconvenience the court and waste judicial resources. Id. at 1306.

Davis focuses on the first factor, arguing that the trial court failed to comply with Rule 11 by failing to explicitly inform him that his plea waived the right to a trial of any kind. We find, however, that the district court did not abuse its discretion in finding that Davis offered no credible evidence to support his position. It is not surprising that during the colloquy the trial court referred to Davis' waiver of his right to a trial as a waiver of his right to a jury trial, as the parties were in the midst of a jury trial when the plea was entered. Davis' position that the court's choice of words preserved his right to a bench trial despite his plea not only defies common sense, but is contrary to his acknowledgment during the Rule 11 proceeding that he understood that his waiver forfeited various rights associated with a trial, such as the right to testify and cross-examine witnesses. Based on these considerations, and the court's assessment of the credibility of Davis' testimony, the district court did not abuse its discretion by

3

finding that Davis' waiver of his right to trial was knowing and voluntary.

There can be no doubt that Davis failed to credibly assert his innocence. He conceded at the hearing on his motion to withdraw that he was guilty of the charge to which he pled guilty, contending merely that his involvement was less than that charged. Moreover, the court found that voluminous evidence presented during the four-day trial of Davis' codefendants established his guilt.

Regarding the third Wilson factor, although Davis filed his motion to withdraw in May 1998, he did not first raise the ground asserted for the motion until the hearing in July, approximately six months after entrance of his plea, a significant delay. Moreover, Davis' averment in his motion that he was dissatisfied with his trial counsel was belied by his statement during the Rule 11 hearing that he was satisfied with the representation and advice he received from counsel. A defendant's statements at the Rule 11 hearing may not ordinarily be repudiated. See United States v. Lambey, 974 F.2d 1389, 1395 (4th Cir. 1992).

We further find that the district court reasonably accepted the Government's assertion that withdrawal of Davis' plea would prejudice the Government because subsequent to trial many of the witnesses who would have testified against Davis benefitted from substantial assistance motions, jeopardizing their credibility in a future trial. Finally, the court properly found that retrial would be both inconvenient and wasteful in light of the fact that substantial resources had already been expended on a four-day trial that found Davis' codefendants guilty, and which produced, in the court's view, strong evidence of Davis' guilt.

Having found that the district court did not abuse its discretion in denying Davis' motion to withdraw his guilty plea, we affirm the judgment order of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

4