# UNPUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
*Plaintiff-Appellee,*

v.

No. 01-4153

AMARANTE GARCIA, JR.,
*Defendant-Appellant.*

Appeal from the United States District Court
for the Middle District of North Carolina, at Durham.
N. Carlton Tilley, Jr., Chief District Judge.
(CR-00-298)

Submitted: September 25, 2001

Decided: October 26, 2001

Before WIDENER, WILKINS, and WILLIAMS, Circuit Judges.

Affirmed by unpublished per curiam opinion.

## COUNSEL

J. Darren Byers, THE LAW OFFICES OF J. DARREN BYERS, Winston-Salem, North Carolina, for Appellant. Benjamin H. White, Jr., United States Attorney, Steven H. Levin, Assistant United States Attorney, Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

**OPINION**

PER CURIAM:

On October 3, 2000, Amarante Garcia, Jr., pled guilty to distribution of methamphetamines. After the district court found Garcia played a substantial role in the drug transaction, Garcia moved to withdraw his guilty plea. The court denied Garcia's motion and sentenced him to seventy months' imprisonment. On appeal, Garcia challenges the district court's refusal to afford him a minor role adjustment in offense level and the denial of his motion to withdraw his guilty plea.

Garcia attacks the district court's denial of his motion for an offense level reduction as a minor participant in the drug transaction under *U.S. Sentencing Guidelines Manual*, § 3B1.2 (1998). We review a sentencing court's determination of the defendant's role in the offense for clear error. *United States v. Perkins*, 108 F.3d 512, 518 (4th Cir. 1997). "A finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *United States v. United States Gypsum Co.*, 333 U.S. 364, 395 (1948). The evidence supports no such conclusion in this case.

A district court may grant a two-level reduction to a defendant who is "less culpable than most other participants, but whose role could not be described as minimal." USSG § 3B1.2, comment. (n.3). The court's determination is "heavily dependent upon the facts of the particular case," USSG § 3B1.2, comment. (backg'd), and is reviewed for clear error. *United States v. Reavis*, 48 F.3d 763, 768 (4th Cir. 1995). The defendant has the burden of convincing the court by a preponderance of the evidence that he is entitled to the adjustment. *Id.* at 769.

There was no clear error in the district court's finding Garcia failed to carry his burden. Garcia argues he was less culpable than the other participants in the drug transaction because he acted only as a translator. However, as noted by the district court, Garcia played a key role in facilitating the sale of the methampehtamines by establishing con-

tact with each party, arranging the time and place for the parties to meet, and acting as an intermediary between the undercover police officers and the co-defendants. While Garcia may not have been the director of the drug sale, his participation was essential to its success. Thus, there was no clear error.

Next, Garcia argues the district court erred in denying his motion to withdraw his guilty plea. This court reviews the denial of a motion to withdraw a guilty plea for abuse of discretion. *United States v. Craig*, 985 F.2d 175, 178 (4th Cir. 1993). Based on the factors set out in *United States v. Moore*, 931 F.2d 245, 248 (4th Cir. 1991), and after reviewing the transcript of the Fed. R. Crim. P. 11 hearing, we find the court did not abuse its discretion in denying that motion.

Based on the foregoing, we affirm Garcia's sentence. We dispense with oral argument, because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*