**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 19-4809**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

LUCAS KENNETH SABATINO,

Defendant - Appellant.

Appeal from the United States District Court for the Western District of North Carolina, at Charlotte. Max O. Cogburn, Jr., District Judge. (3:19-cr-00009-MOC-DCK-1)

Submitted: October 20, 2020                     Decided: October 23, 2020

Before GREGORY, Chief Judge, DIAZ, Circuit Judge, and SHEDD, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Charles Robinson Brewer, Asheville, North Carolina, for Appellant. Amy Elizabeth Ray, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Asheville, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Lucas Kenneth Sabatino appeals his conviction and the 15-year sentence imposed after Sabatino pled guilty pursuant to a plea agreement to sexual exploitation of children, in violation of 18 U.S.C. § 2251(a), (e). Sabatino's sole argument on appeal is that his counsel rendered ineffective assistance because she failed to raise issues relating to Sabatino's mental capacity when he committed his crime and at the time he entered his guilty plea. The Government has filed a motion to dismiss Sabatino's appeal, invoking the appellate waiver in Sabatino's plea agreement and asserting that ineffective assistance does not conclusively appear on the record. Although we deny the Government's motion to dismiss, we affirm the criminal judgment.

It is well established that a defendant may waive the right to appeal if that waiver is knowing and intelligent. *See United States v. Blick*, 408 F.3d 162, 169 (4th Cir. 2005). Even a valid waiver does not waive all appellate claims, however. Specifically, a valid appeal waiver does not preclude a challenge to a sentence on the ground that it exceeds the statutory maximum or is based on a constitutionally impermissible factor such as race, arises from the denial of a motion to withdraw a guilty plea based on ineffective assistance of counsel, or relates to claims concerning a violation of the Sixth Amendment right to counsel in proceedings following the guilty plea. *See United States v. Johnson*, 410 F.3d 137, 151 (4th Cir. 2005); *United States v. Craig*, 985 F.2d 175, 178 (4th Cir. 1993). Notably, the appellate waiver in Sabatino's plea agreement expressly excepted ineffective assistance of counsel claims from its coverage. As ineffective assistance of counsel is the sole claim raised on appeal, we deny the Government's motion to dismiss.

Turning to the merits, we have reviewed the record in conjunction with Sabatino's arguments on appeal and affirm the criminal judgment. Unless an attorney's ineffectiveness conclusively appears on the face of the record, ineffective assistance claims are not generally addressed on direct appeal. *United States v. Faulls*, 821 F.3d 502, 507-08 (4th Cir. 2016). Instead, such claims should be raised in a motion brought pursuant to 28 U.S.C. § 2255 in order to permit sufficient development of the record. *United States v. Baptiste*, 596 F.3d 214, 216 n.1 (4th Cir. 2010). We find that ineffectiveness of counsel does not conclusively appear on the face of the record before us. Therefore, Sabatino should raise this claim, if at all, in a § 2255 motion. *Faulls*, 821 F.3d at 508.

Based on the foregoing, we deny the Government's motion to dismiss and affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*