**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 20-4202**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

CHARLES MICHAEL LEDFORD,

Defendant - Appellant.

Appeal from the United States District Court for the Western District of North Carolina, at Asheville. Martin K. Reidinger, Chief District Judge. (1:19-cr-00060-MR-WCM-3)

Submitted: January 19, 2021                    Decided: January 21, 2021

Before AGEE, WYNN, and DIAZ, Circuit Judges.

Dismissed by unpublished per curiam opinion.

J. Edward Yeager, Jr., Cornelius, North Carolina, for Appellant. R. Andrew Murray, United States Attorney, Charlotte, North Carolina, Amy E. Ray, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Asheville, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Charles Michael Ledford pled guilty, pursuant a written plea agreement, to conspiracy to distribute and to possess with intent to distribute methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A), 846. He received a 324-month sentence. On appeal, Ledford alleges that the district court erred in sentencing him under a higher advisory Sentencing Guidelines range than contemplated under the plea agreement and that counsel was ineffective in failing to object on this ground to the application of the two sentencing enhancements that led to the calculation of the higher Guidelines range. The Government asserts that Ledford's first claim is barred by the appellate waiver in his plea agreement and that his ineffective assistance of counsel claim is without merit. For the reasons that follow, we dismiss this appeal.

It is well established that a defendant may waive the right to appeal if that waiver is knowing and intelligent. *See United States v. Blick*, 408 F.3d 162, 169 (4th Cir. 2005). When the Government seeks to enforce an appeal waiver and did not breach its obligations under the plea agreement, we will enforce the waiver if the record establishes that: (1) the defendant knowingly and intelligently waived his right to appeal; and (2) the issues raised on appeal fall within the waiver's scope. *Id.* at 168-69. Generally, if the district court fully questions a defendant regarding the waiver of his right to appeal during the Fed. R. Crim. P. 11 colloquy, the waiver is both valid and enforceable. *See United States v. Johnson*, 410 F.3d 137, 151 (4th Cir. 2005).

Even a valid waiver does not waive all appellate claims, however. Specifically, a valid appeal waiver does not preclude a challenge to a sentence on the ground that it

2

exceeds the statutory maximum or is based on a constitutionally impermissible factor such as race, arises from the denial of a motion to withdraw a guilty plea based on ineffective assistance of counsel, or relates to claims concerning a violation of the Sixth Amendment right to counsel in proceedings following the guilty plea. *See id.*; *United States v. Craig*, 985 F.2d 175, 178 (4th Cir. 1993).

In his plea agreement, Ledford waived all rights to contest his conviction and sentence in any appeal or postconviction action, except claims for ineffective assistance of counsel and prosecutorial misconduct. Ledford does not assert that his appellate waiver was unknowing or involuntary, and we conclude that his claim that the district court erred in imposing enhancements outside of those recommended by the parties in the plea agreement—which is clearly a challenge to his sentence not based on the above-referenced grounds—is barred by the appellate waiver.

Notably, Ledford's ineffective assistance claim is not foreclosed by the appellate waiver. However, we do not consider ineffective assistance claims on direct appeal "[u]nless an attorney's ineffectiveness conclusively appears on the face of the record." *United States v. Faulls*, 821 F.3d 502, 507-08 (4th Cir. 2016). Instead, such claims "should be raised, if at all, in a 28 U.S.C. § 2255 motion." *Id.* at 508. Because ineffectiveness of counsel does not conclusively appear on the face of the record, we conclude that Ledford's ineffective assistance of counsel claim is not cognizable on direct appeal.

Accordingly, we dismiss Ledford's appeal. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*DISMISSED*