**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 21-4632**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

MATTHEW WONDRA,

Defendant - Appellant.

Appeal from the United States District Court for the Western District of North Carolina, at Asheville.  Martin K. Reidinger, Chief District Judge.  (1:20-cr-00022-MR-WCM-3)

Submitted:  September 22, 2022                     Decided:  September 26, 2022

Before WILKINSON, DIAZ, and RUSHING, Circuit Judges.

Affirmed by unpublished per curiam opinion.

**ON BRIEF:**  David Q. Burgess, DAVID BURGESS LAW, PC, Charlotte, North Carolina, for Appellant.  Amy Elizabeth Ray, Assistant United States Attorney, Asheville, North Carolina, Elizabeth Margaret Greenough, OFFICE OF THE UNITED STATES ATTORNEY, Charlotte, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Matthew Wondra appeals the 360-month sentence imposed following his guilty plea to conspiracy to possess with intent to distribute heroin and methamphetamine, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(A). Wondra's sole argument on appeal is that counsel rendered ineffective assistance during sentencing by failing to object to the calculation of his Sentencing Guidelines range and to move for both a downward departure and a downward variance. The Government has filed a motion to dismiss Wondra's appeal, invoking the appellate waiver in Wondra's plea agreement and asserting that ineffective assistance does not conclusively appear on the record. Although we deny the Government's motion to dismiss, we affirm the criminal judgment.

It is well established that a defendant may waive the right to appeal if that waiver is knowing and intelligent. *See United States v. Blick*, 408 F.3d 162, 169 (4th Cir. 2005). Even a valid waiver does not waive all appellate claims, however. Specifically, a valid appeal waiver does not preclude a challenge to a sentence on the ground that it exceeds the statutory maximum or is based on a constitutionally impermissible factor such as race, arises from the denial of a motion to withdraw a guilty plea based on ineffective assistance of counsel, or relates to claims concerning a violation of the Sixth Amendment right to counsel in proceedings following the guilty plea. *See United States v. Johnson*, 410 F.3d 137, 151 (4th Cir. 2005); *United States v. Craig*, 985 F.2d 175, 178 (4th Cir. 1993). Notably, the appellate waiver in Wondra's plea agreement expressly excepted ineffective assistance of counsel claims from its coverage. As ineffective assistance of counsel is the sole claim raised on appeal, we deny the Government's motion to dismiss.

2

Turning to the merits, we have reviewed the record in conjunction with Wondra's arguments on appeal and affirm the criminal judgment. To demonstrate ineffective assistance of trial counsel, Wondra "must show that counsel's performance was [constitutionally] deficient" and "that the deficient performance prejudiced the defense." *Strickland v. Washington*, 466 U.S. 668, 687 (1984). However, unless an attorney's ineffectiveness conclusively appears on the face of the record, ineffective assistance claims are not generally addressed on direct appeal. *United States v. Faulls*, 821 F.3d 502, 507-08 (4th Cir. 2016). Instead, such claims should be raised in a motion brought pursuant to 28 U.S.C. § 2255 in order to permit sufficient development of the record. *United States v. Baptiste*, 596 F.3d 214, 216 n.1 (4th Cir. 2010). We find that ineffectiveness of counsel does not conclusively appear on the face of the record before us. Therefore, Wondra should raise this claim, if at all, in a § 2255 motion. *Faulls*, 821 F.3d at 508.

Accordingly, we deny the Government's motion to dismiss and affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*

3