UNPUBLISHED

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                          No. 98-4638

MELVIN BERRY,
Defendant-Appellant.

Appeal from the United States District Court
for the Eastern District of Virginia, at Richmond.
Richard L. Williams, Senior District Judge.
(CR-98-103)

Submitted: March 31, 1999

Decided: April 30, 1999

Before ERVIN and HAMILTON, Circuit Judges, and
PHILLIPS, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

John B. Mann, LEVIT & MANN, Richmond, Virginia, for Appellant.
Helen F. Fahey, United States Attorney, Sara E. Flannery, Special
Assistant United States Attorney, Richmond, Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

**OPINION**

PER CURIAM:

Melvin Berry appeals from the district court's judgment entered pursuant to a plea agreement in which Berry pled guilty to one count of conspiring to distribute cocaine. Six weeks after entering his guilty plea, Berry moved to withdraw it, and the district court denied the motion. The only issue in this appeal is the propriety of the denial of that motion.

This Court reviews the denial of Berry's motion to withdraw his guilty plea for abuse of discretion. See United States v. Craig, 985 F.2d 175, 178 (4th Cir. 1993). A defendant does not have an absolute right to withdraw a guilty plea, see United States v. Ewing, 957 F.2d 115, 119 (4th Cir. 1992), but must present a "fair and just" reason. See Fed. R. Crim. P. 32(e). A "fair and just reason" is one that "essentially challenges either the fairness of the Rule 11 proceeding . . . or the fulfillment of a promise or condition emanating from the proceeding." United States v. Lambey, 974 F.2d 1389, 1394 (4th Cir. 1992); see Fed. R. Crim. P. 11. An appropriately conducted proceeding pursuant to Rule 11 raises a strong presumption that the guilty plea is final and binding. See id.

A district court should consider the following factors in determining whether to allow a defendant to withdraw his plea: (1) whether there is credible evidence that the guilty plea was not knowing and voluntary; (2) whether the defendant has made a credible assertion of legal innocence; (3) whether there has been a delay between the guilty plea and the motion to withdraw; (4) whether the defendant had the close assistance of competent counsel; (5) whether withdrawal will prejudice the government and (6) will cause inconvenience to the court and waste judicial resources. See United States v. Moore, 931 F.2d 245, 248 (4th Cir. 1991).

Application of the above factors supports the district court's denial of Berry's motion to withdraw his guilty plea. The district court conducted a thorough plea colloquy in which Berry indicated that he was freely and voluntarily pleading guilty because he was guilty. During the colloquy, Berry informed the court that he had a twelfth grade

education, could read and write, and had carefully gone over his plea agreement with his attorney and understood its provisions. Berry further stated that he was fully satisfied with the services his attorney had provided and that he understood the charges against him and understood that the minimum sentence for the offense to which he pled guilty was ten years' imprisonment. Berry then waited until the week before sentencing before moving to withdraw his plea. In denying Berry's motion, the district court found that because of the delay, granting Berry's motion would "engender substantial prejudice against the Government, inconvenience to the court, and waste judicial resources."

Berry argues that he was coerced into signing the plea agreement; that he received ineffective assistance of counsel; that at the time he pled guilty, he had not received a copy of the plea agreement or had the opportunity to read it thoroughly; and that after he read the indictment, he realized he was innocent of the charges and believed it would be wrong to say he was guilty of something he had not done. Those arguments, however, are in direct conflict with his statements at the Rule 11 hearing, and a defendant's Rule 11 hearing statements may not ordinarily be repudiated. See Lambey, 974 F.2d at 1395. Berry's additional testimony that a ten-year sentence would diminish his career is insufficient to satisfy his burden of establishing a fair and just reason for withdrawing his guilty plea.

Accordingly, we find no error in the district court's denial of Berry's motion to withdraw his plea. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

3