**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.

GIFFORD ROY THOMPSON, a/k/a
Courtney Washington, a/k/a Mark
Brown, a/k/a Courtney Thompson,
Defendant-Appellant.

No. 97-4890

Appeal from the United States District Court
for the District of Maryland, at Greenbelt.
Alexander Williams, Jr., District Judge.
(CR-96-434-AW)

Submitted: December 22, 1999

Decided: January 18, 2000

Before NIEMEYER, WILLIAMS, and MOTZ, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

James Wyda, Acting Federal Public Defender, Beth M. Farber, Chief
Assistant Federal Public Defender, Baltimore, Maryland, for Appel-
lant. Lynne A. Battaglia, United States Attorney, Deborah A. John-
ston, Assistant United States Attorney, Greenbelt, Maryland, for
Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Gifford Roy Thompson appeals the district court's judgment order entered pursuant to his guilty plea to a charge of importing cocaine in violation of 21 U.S.C. §§ 952, 963 (1994). On appeal, Thompson challenges the validity of his plea and the district court's decision to deny his motion to withdraw it. We affirm.

Initially, Thompson contends that the district court committed error warranting the vacating of his conviction by failing to apprise him that he faced a mandatory minimum sentence of ten years incarceration for the charge to which he pled guilty. At the Rule 11 hearing, the district court informed Thompson that "the maximum sentence provided by law is imprisonment for not less than ten years, nor more than life." Even assuming that this statement failed to inform Thompson that the minimum sentence was ten years, we find no reversible error because the record discloses that Thompson accurately understood the minimum sentence for his crime, and we cannot conclude that the error likely affected his decision to plead guilty. See United States v. Goins, 51 F.3d 400, 402 (4th Cir. 1995) (providing that failure to inform defendant of mandatory minimum sentence is reviewed for harmlessness, and explaining that court ultimately asks whether any error likely affected decision to plead guilty).

Thompson commented during the hearing on his motion to withdraw his plea that he understood the plea agreement to require a sentence of ten years to life. Moreover, he did not even mention any misapprehension over the mandatory minimum sentence as a ground for his motion to withdraw. Accordingly, Thompson cannot credibly claim that his decision to plead guilty was swayed by the court's failure to clearly inform him of the applicable ten-year minimum sentence. We therefore reject Thompson's contention that his plea was not knowing and voluntary.

2

Thompson also asserts that the district court erred by refusing to allow him to withdraw his plea. We review the district court's decision to deny Thompson's motion to withdraw for an abuse of discretion. See United States v. Wilson, 81 F.3d 1300, 1306 (4th Cir. 1996). The district court may grant such a motion if the defendant provides a "fair and just reason" for withdrawal. See United States v. Craig, 985 F.2d 175, 178 (4th Cir. 1993). The relevant factors that weigh into this inquiry are set forth in Wilson, 81 F.3d at 1306. Applying those factors to this case, we find no abuse of discretion. Particularly, we find that Thompson has failed to demonstrate that his plea was not knowing or not voluntary, failed to credibly assert his legal innocence, and failed to establish that he did not receive close assistance of counsel.

Accordingly, the judgment of the district court is affirmed. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

3