UNPUBLISHED

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                              No. 99-4355

DERRICK WOODS,
Defendant-Appellant.

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                              No. 99-4367

KEITH WOODS,
Defendant-Appellant.

Appeals from the United States District Court
for the District of South Carolina, at Spartanburg.
Henry M. Herlong, Jr., District Judge.
(CR-98-1172)

Submitted: February 15, 2000

Decided: March 9, 2000

Before WILKINS, NIEMEYER, and KING, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

W. Douglas Richardson, Jr., HENDRICKS LAW FIRM, P.A., Eas-
ley, South Carolina; James F. Brehm, Greenville, South Carolina, for

Appellants. J. Rene Josey, United States Attorney, Harold W. Gowdy, III, Assistant United States Attorney, Isaac L. Johnson, Jr., Assistant United States Attorney, Greenville, South Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Derrick and Keith Woods were convicted pursuant to their guilty pleas of conspiracy to possess with intent to distribute crack cocaine. On appeal, Derrick Woods ("Derrick") alleges that he is entitled to specific performance of the Government's promise that he would not be classified as a career offender. Keith Woods ("Keith") claims that the district court erred by enhancing his base offense level for obstruction of justice under USSG § 3C1.1; [1] refusing to grant him a downward adjustment for acceptance of responsibility under USSG § 3E1.1; and denying his motion to withdraw his guilty plea. Finding no reversible error, we affirm.

The basic facts of this case are rather straightforward. Appellants were street-level dealers in a drug conspiracy operating in Union County, South Carolina. They were arrested after selling crack cocaine to undercover police officers in videotaped transactions.

During a pretrial conference, Derrick's attorney requested an opinion from the probation officer as to Derrick's status as a career offender. The probation officer reviewed Derrick's rap sheet and allegedly told counsel that he would not be classified as a career offender. In Derrick's presentence report, however, the probation officer recommended that he be given career offender status. Derrick

_____

[1] **U.S. Sentencing Guidelines Manual** (1998).

2

alleges on appeal that the probation officer's opinion following the pretrial conference constituted a promise that induced his guilty plea.

Because Derrick did not raise this issue before the district court,[2] we review his assertion for plain error and find none.[3] First, Derrick's presentence report clearly shows that he has the necessary predicate convictions for career offender status. Although counsel objected to the applicability of one of those convictions, the district court properly overruled the objection. Second, Derrick stipulated in his plea agreement that any estimates he received from anyone concerning his sentence were only predictions and not binding on the Government or the court.[4] Derrick informed the court that he understood the terms of the plea agreement, and there is nothing in the record to suggest that the plea was unknowing or involuntary.

We review the district court's finding that Keith Woods committed perjury for clear error and find none.[5]  Although Keith admitted in his plea agreement and during his Fed. R. Crim. P. 11 hearing that he was guilty of conspiracy and that he distributed at least five grams of crack cocaine, he challenged both of these findings during sentencing. Specifically, Keith testified that he only distributed one to two grams of crack cocaine, and then only on the occasions in which he was captured on videotape. Keith further claimed that he did not conspire with anyone to distribute the drugs; rather, he only sold those drugs he found lying on the ground in an area in which police made numerous drug arrests.

The district court found Keith's testimony so incredible that it amounted to an attempt to intentionally mislead the court as to a

---

[2] Although defense counsel stated in his objections to the presentence report that the probation officer did not tell him that Derrick would be classified as a career offender, at no point did Derrick allege that the probation officer's opinion induced him to plead guilty.

[3] **See United States v. Olano**, 507 U.S. 725, 732-36 (1993); United States v. Ford, 88 F.3d 1350, 1355 (4th Cir. 1996) ("A defendant's failure to object to a sentencing issue amounts to a waiver of his right to raise that issue on appeal, absent plain error.").

[4] Supplemental joint appendix at 4.

[5] **See United States v. Murray**, 65 F.3d 1161, 1165 (4th Cir. 1995).

3

material matter, namely the amount of drugs attributable to him and his ultimate guilt. We agree. Keith's implausible story of simply finding drugs on the street directly contradicted his sworn admissions at his plea hearing and was clearly intended to limit his culpability.**6**

When a defendant receives an enhancement for obstruction of justice, a downward adjustment for acceptance of responsibility is only justified in exceptional circumstances, and we find no such circumstances here.**7** As a result, the district court properly declined to grant the adjustment.

We review a trial court's refusal to allow a defendant to withdraw his guilty plea for an abuse of discretion, and we find none here.**8** A defendant does not have an absolute right to withdraw a guilty plea, but rather bears the burden of showing a fair and just reason for the withdrawal.**9** A "fair and just" reason "is one that essentially challenges . . . the fairness of the Rule 11 proceeding." United States v. Lambey, 974 F.2d 1389, 1394 (4th Cir. 1992).

In the present case, however, Keith's primary bases for withdrawing his plea were his disagreement with the testimony of a co-conspirator and his incredible story of merely finding the drugs on the street. We find that neither of these reasons cause us to question the integrity of the Rule 11 hearing. There is nothing in the record to suggest that Keith's plea was unknowing or involuntary.

Accordingly, we affirm Derrick and Keith Woods' convictions and sentences. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED
_____

**6** We further reject Keith's claim that the only evidence presented against him for purposes of the enhancement was the testimony of an unreliable co-conspirator and that this testimony alone was insufficient. Not only does this ignore Keith's prior admissions, but the district court resolved the credibility issue against him.

**7** See USSG § 3E1.1, comment. (n.4).
**8** See United States v. Craig, 985 F.2d 175, 178 (4th Cir. 1993).
**9** See Fed. R. Crim. P. 32(d); United States v. Moore, 931 F.2d 245, 248 (4th Cir. 1991).

4