**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                            No. 99-4489

ROBERT BECKWORTH,
Defendant-Appellant.

Appeal from the United States District Court
for the District of South Carolina, at Anderson.
Henry M. Herlong, Jr., District Judge.
(CR-96-93)

Submitted: January 31, 2000

Decided: March 22, 2000

Before WIDENER, MURNAGHAN, and MOTZ, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

William G. Yarborough, III, ASHMORE & YARBOROUGH, P.A.,
Greenville, South Carolina, for Appellant. J. Rene Josey, United
States Attorney, Harold Watson Gowdy, III, Assistant United States
Attorney, Greenville, South Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

**OPINION**

PER CURIAM:

Robert Beckworth appeals his conviction, after a guilty plea of one count of conspiracy with intent to distribute marijuana in violation of 21 U.S.C.A. §§ 841, 846 (West Supp. 1999). On the date scheduled for sentencing, Beckworth moved to withdraw his guilty plea; the district court denied the motion. At his subsequent sentencing hearing, the district court sentenced Beckworth to 360 months imprisonment. Beckworth contends that the district court abused its discretion in denying his motion to withdraw his guilty plea. Finding no error, we affirm.

We review the district court's refusal to allow a defendant to withdraw a guilty plea under Fed. R. Crim. P. 32 for abuse of discretion. See United States v. Wilson, 81 F.3d 1300, 1305 (4th Cir. 1996). Rule 32 of the Federal Rules of Criminal Procedure permits withdrawal of a guilty plea if the "defendant shows any fair and just reason." Fed. R. Crim. P. 32(e). A trial court, when considering whether to allow a defendant to withdraw a guilty plea, must apply the six factor analysis announced by this court in United States v. Moore, 931 F.2d 245, 248 (4th Cir. 1991).**1** Under Moore, a district court considers: (1) whether the defendant has offered credible evidence that his plea was not knowing and voluntary; (2) whether the defendant has credibly asserted his legal innocence; (3) whether there has been a delay between the entry of the plea and the filing of the motion; (4) whether the defendant had close assistance of competent counsel; (5) whether withdrawal will cause prejudice to the government; and (6) whether withdrawal will inconvenience the court and waste judicial resources. See id. Although all of the factors in Moore must be given appropriate weight, the key to determining whether a Rule 32(e) motion should be granted is whether the Rule 11 hearing was properly conducted. See United States v. Puckett, 61 F.3d 1092, 1099 (4th Cir. 1995). We

_____

**1** The defendant urges this court to apply the two pronged analysis of United States v. Lambey, 974 F.2d 1389, 1393-94 (4th Cir. 1992), rather than the Moore analysis. We discern little difference between the two. In any event, we have recently "reemphasize[d] our commitment to Moore." See United States v. Wilson, 81 F.3d 1300, 1307 (4th Cir. 1996).

closely scrutinize the Fed. R. Crim. P. 11 colloquy and attach a strong presumption that the plea is final and binding if the Rule 11 proceeding is adequate. See United States v. Lambey, 974 F.2d 1389, 1394 (4th Cir. 1992).

A review of the transcript of Beckworth's Rule 11 colloquy demonstrates that the district court was within its discretion in refusing to allow Beckworth to withdraw his guilty plea. Rule 11 requires a district court to inform the defendant of the maximum penalty possible under the law. See Fed. R. Crim. P. 11(c). In this case, the district court informed Beckworth of the maximum possible sentence for conspiracy to possess with intent to distribute marijuana. The district court also fully informed Beckworth that by pleading guilty he waived certain trial rights. Because the district court conformed to the requirements of Rule 11 by specifically warning Beckworth that he could face up to life imprisonment, the plea is presumed to be final and binding.

Moreover, Beckworth's plea agreement specifically provided that he would be sentenced by the district court pursuant to the United States Sentencing Guidelines after preparation of a pre-sentence report, and that any sentence previously discussed by the Government with him was a prediction, not a promise.[2] In summarizing the plea agreement, the district court specifically advised Beckworth that he could be sentenced to up to life imprisonment depending upon the pre-sentence report. Beckworth ratified his plea agreement repeatedly both orally and in writing. Beckworth's attorneys provided absolutely no evidence to support their claim of a five-year "cap" on Beckworth's potential prison time, and the remainder of the record belied this claim. Under these circumstances, the district court did not err in refusing to permit Beckworth to withdraw his plea because he misapprehended his sentence. See United States v. Lambey, 974 F.2d 1389, 1395-96 (4th Cir. 1992) (holding that if a defendant has a proper Rule 11 colloquy, any misapprehension by the defendant regarding the length of the sentence to be imposed is not a "fair and just" reason to allow withdraw of a guilty plea under Fed. R. Crim. 32).

_____

[2] Beckworth's plea agreement also contained an integration clause that explicitly disclaimed any prior agreements or promises made by the Government or between the Government and Beckworth.

3

As for the other factors in <u>Moore</u>, none weigh in Beckworth's favor. Beckworth has made no claim that he is legally innocent of the conspiracy charge. Moreover, there was a considerable delay--six months--between the plea and the filing of the motion. <u>See, e.g.,</u> <u>United States v. Craig</u>, 985 F.2d 175, 178 (4th cir. 1993). Beckworth also had the close assistance of two experienced defense attorneys in his plea negotiations, plea hearing, and sentencing hearing. Lastly, the delay between Beckworth's guilty plea and his motion to withdraw would have caused at least some prejudice to the government and required the waste of judicial resources. <u>See id.</u>

Because Beckworth has not established that the district court abused its discretion in denying his motion to withdraw his guilty plea, we affirm his conviction. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>

4