UNPUBLISHED

# UNITED STATES COURT OF APPEALS

## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
            *Plaintiff-Appellee,*

v.                                                        No. 00-4623

MICHAEL EUGENE WALTON, JR.,
            *Defendant-Appellant.*

Appeal from the United States District Court
for the Eastern District of Virginia, at Richmond.
Richard L. Williams, Senior District Judge.
(CR-00-3)

Submitted: March 27, 2001

Decided: April 12, 2001

Before WILLIAMS, KING, and GREGORY, Circuit Judges.

_____

Affirmed in part and dismissed in part by unpublished per curiam
opinion.

_____

### COUNSEL

John G. LaFratta, COWAN, NORTH & LAFRATTA, L.L.P., Rich-
mond, Virginia, for Appellant. Helen F. Fahey, United States Attor-
ney, James B. Comey, Assistant United States Attorney, Richmond,
Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

---

**OPINION**

PER CURIAM:

Michael Eugene Walton, Jr. pled guilty to a single count of possession with intent to distribute cocaine base, in violation of 21 U.S.C.A. § 841(a)(1) (West 1999 & Supp. 2000). The charges arose from an investigation that included a sale of cocaine base by Walton to a confidential informant. A subsequent search of Walton's residence resulted in the seizure of $6360 in United States currency that was found in a brown paper bag under a wooden table in a corner of Walton's bedroom, and 15.4 grams of cocaine base.

Walton's plea agreement incorporated a separate statement of facts that summarized Walton's arrest for possession with intent to distribute 4.3 grams of cocaine base and the evidence found during the search of Walton's residence. The statement also included a sentence identifying the cash found during the search as "the direct proceeds from Walton's selling of controlled substances." During the plea inquiry, in response to questions from the district court, Walton acknowledged that he had read the statement of facts before he signed it, and that it fairly represented his conduct. In calculating Walton's offense level under the United States Sentencing Guidelines, the probation officer converted the cash seized into an equivalent of sixty-four grams of cocaine base, which significantly increased Walton's offense level.

Subsequent to his plea hearing and meeting with the probation officer, Walton moved repeatedly to withdraw his plea. As justification for his motions, Walton asserted that he had not understood the statement of facts, that his attorney had misled him as to the effect the statement of facts would have on his sentence, that he had a mental illness that impaired his ability to understand the statement of facts, and that $5000 of the money seized was a gift from his aunt, rather than proceeds of drug sales. The district court denied these motions.

On appeal, Walton asserts that his counsel was ineffective in failing to thoroughly discuss the statement of facts and its impact on his sentence calculation with him before he signed the statement, and that the district court erred in denying his motions to withdraw his guilty plea.

Claims of ineffective assistance of counsel are generally not cognizable on direct appeal. *See United States v. King*, 119 F.3d 290, 295 (4th Cir. 1997). Rather, to allow for adequate development of the record, a defendant must bring his claim in a motion under 28 U.S.C.A. § 2255 (West Supp. 2000). *See King*, 119 F.3d at 295; *United States v. Hoyle*, 33 F.3d 415, 418 (4th Cir. 1994). An exception exists when the record conclusively establishes ineffective assistance. *See King*, 119 F.3d at 295. We find that the record in the instant case does not conclusively establish that Walton's counsel was ineffective. Therefore, we do not address this issue on direct appeal.

This court reviews the denial of a motion to withdraw a guilty plea for abuse of discretion. *See United States v. Craig*, 985 F.2d 175, 178 (4th Cir. 1993). A defendant bears the burden of demonstrating to the district court's satisfaction that a "fair and just reason" supports his request to withdraw. Fed. R. Crim. P. 32(e).

In determining whether the trial court abused its discretion in denying a motion to withdraw a guilty plea, we consider the six factors articulated in *United States v. Moore*, 931 F.2d 245, 248 (4th Cir. 1991). Although all the factors in *Moore* must be given appropriate weight, the key in determining whether a Rule 32(e) motion should be granted is whether the Rule 11 hearing was properly conducted. *United States v. Puckett*, 61 F.3d 1092, 1099 (4th Cir. 1995). This court closely scrutinizes the Fed. R. Crim. P. 11 colloquy and attaches a strong presumption that the plea is final and binding if the Rule 11 proceeding is adequate. *United States v. Lambey*, 974 F.2d 1389, 1394 (4th Cir. 1992).

In this case, the district court considered each of the *Moore* factors and found that none supported granting Walton's motion to withdraw his guilty plea. Further, the court conducted an extremely thorough Rule 11 inquiry. This inquiry included specific inquiries concerning Walton's review and understanding of the plea agreement and statement of facts and that he clearly understood the charges, the plea

agreement, and the effect of his guilty plea. Even assuming as true Walton's allegations that counsel misinformed him as to the probable length of his sentence, or that he misunderstood how the statement of facts would impact his sentence, no valid grounds for allowing withdrawal of Walton's plea have been shown. *See United States v. Ubakanma*, 215 F.3d 421, 424-25 (4th Cir. 2000); *Lambey*, 974 F.2d at 1395. We find no abuse of discretion in the denial of Walton's motions.

Accordingly, we affirm Walton's conviction and sentence, and dismiss the appeal on the issue of ineffective assistance of counsel. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court.

*AFFIRMED IN PART, DISMISSED IN PART*