**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 04-4913

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

JEREMY RAY DANNER, a/k/a Caesar,

Defendant - Appellant.

Appeal from the United States District Court for the Western District of North Carolina, at Statesville. Richard L. Voorhees, District Judge. (CR-00-15; CR-02-96)

Submitted: August 26, 2005          Decided: September 21, 2005

Before WILLIAMS, MICHAEL, and SHEDD, Circuit Judges.

Dismissed by unpublished per curiam opinion.

R. Deke Falls, BARNETT & FALLS, Charlotte, North Carolina, for Appellant. Gretchen C. F. Shappert, United States Attorney, D. Scott Broyles, Assistant United States Attorney, Charlotte, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Jeremy Ray Danner pled guilty, on a written plea agreement, to conspiracy to possession with intent to distribute cocaine and cocaine base, in violation of 21 U.S.C. §§ 841(a)(1), 846 (2000), and to willful failure to appear for sentencing, in violation of 18 U.S.C. §§ 3146(a)(1),(b), 3147 (2000). The district court sentenced Danner to 240 months' imprisonment on the conspiracy conviction, and a 120-month term of imprisonment on the failure to appear conviction, to run consecutively to one another, for a total sentence of 360 months' imprisonment.[1] Danner asserts on appeal that the district court erred in refusing to allow him to withdraw his guilty plea, and contends that his sentence is unconstitutional.[2]

---

[1]The court also announced an alternative sentence, in the absence of the federal sentencing guidelines, of 281 months' imprisonment, pursuant to this court's directive in United States v. Hammoud, 378 F.3d 426 (4th Cir.) (order), opinion issued by 381 F.3d 316 (4th Cir. 2004) (en banc), vacated, 125 S. Ct. 1051 (2005).

[2]Specifically, Danner seeks to raise the following issues on appeal: (1) the district court abused its discretion in denying his motion to withdraw his guilty plea; (2) the district court erred in its findings as to the amount of drugs for which Danner was responsible; (3) the district court's consideration of hearsay evidence at sentencing violated his Sixth Amendment right to confrontation under Crawford v. Washington, 541 U.S. 36 (2004); (4) the district court clearly erred in denying Danner a downward departure for acceptance of responsibility on his failure to appear charge; and (5) his sentence is invalid in light of United States v. Booker, 125 S. Ct. 738 (2005). In addition, Danner seeks to challenge the district court's failure to distinguish between crack and cocaine base for sentencing purposes, citing United States v. Edwards, 397 F.3d 570 (7th Cir. 2005).

Danner contends that the district court erred in denying his motion to withdraw his guilty plea, asserting that the plea was not knowing and voluntary because he was not properly informed about Apprendi v. New Jersey, 530 U.S. 466 (2000), and its implications on his sentence, prior to entering his plea. Our review of the record discloses that the district court properly determined that Danner clearly was aware of Apprendi and its implications at the time he pled guilty. Moreover, even assuming, arguendo, that Danner had not been aware of Apprendi at the pertinent time, a post-plea change in the law does not provide a valid basis for withdrawing an otherwise valid plea. See United States v. Johnson, 410 F.3d 137, 152-53 (4th Cir. 2005); see also United States v. Blick, 408 F.3d 162, 170-73 (4th Cir. 2005). Thus, the district court did not abuse its discretion in denying Danner's motion to withdraw his guilty plea. See United States v. Craig, 985 F.2d 175, 178 (4th Cir. 1993).

Moreover, we note that Danner signed a plea agreement in which he waived his rights to contest his conviction and sentence except as to ineffective assistance of counsel and prosecutorial misconduct claims. Whether the defendant has effectively waived his right to appeal is an issue we review de novo. United States v. Marin, 961 F.2d 493, 496 (4th Cir. 1992). When the United States seeks to enforce a waiver provision, as it does here, this court will enforce the waiver to preclude a defendant from

appealing an issue where the record demonstrates that the waiver is valid and that the issue sought to be appealed is within the scope of that waiver. Blick, 408 F.3d at 172.

Here, during Danner's Fed. R. Crim. P. 11 plea colloquy, the district court queried Danner and his attorney with regard to the plea agreement in general, and Danner agreed to the specific appellate waiver provision. In addition, Danner acknowledged that he understood the terms of the agreement. The district court found that Danner entered the plea knowingly and voluntarily. In addition, the district court provided Danner with two opportunities to brief additional issues relative to his plea, thoroughly considered Danner's arguments in support of his motion to withdraw his plea,[3] and reaffirmed its determination that Danner's plea was valid under the law. We find, based upon our independent review of the record, that the meaning of the plea agreement and the waiver provision is clear. We conclude, therefore, the waiver is valid. As the issues Danner seeks to raise are not based on ineffective assistance of counsel or prosecutorial misconduct, they are

_____

[3]Danner asserted that: (1) he was misled by counsel regarding the amount of prison time he was facing; (2) he was not guilty of involvement with 1.5 kilos of crack cocaine; (3) he did not understand the sentencing discrepancy between cocaine and cocaine base at the time he entered his guilty plea; (4) he never sold crack cocaine; (5) he was not adequately advised of the Apprendi decision; and (6) he only dealt directly with undercover agents and therefore was not guilty of conspiracy.

precluded by the scope of the waiver provision in his plea agreement.

Accordingly, although we grant Danner's motion to file a supplemental brief, we dismiss his appeal. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>DISMISSED</u>

- 5 -