**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 18-4021**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

EVERETTE DEANGELO DAWKINS,

Defendant - Appellant.

**No. 18-4022**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

EVERETTE DEANGELO DAWKINS,

Defendant - Appellant.

Appeals from the United States District Court for the District of South Carolina, at Spartanburg.  Henry M. Herlong, Jr., Senior District Judge.  (7:17-cr-00123-HMH-1; 7:10-cr-00138-HMH-1)

Submitted: March 18, 2019                              Decided: April 3, 2019

Before WYNN, Circuit Judge, and SHEDD and DUNCAN, Senior Circuit Judges.

———————————

Affirmed by unpublished per curiam opinion.

———————————

William G. Yarborough, III, Greenville, South Carolina, for Appellant. Sherri A. Lydon, United States Attorney, Columbia, South Carolina, E. Jean Howard, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Greenville, South Carolina, for Appellee.

———————————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

In No. 18-4021, Everette DeAngelo Dawkins appeals his conviction, pursuant to a guilty plea, of conspiracy to possess with intent to distribute methamphetamine and marijuana, 21 U.S.C. §§ 841(a)(1), 846 (2012). In No. 18-4022, he appeals the criminal judgment revoking supervised release and imposing a 24-month sentence in a separate criminal matter. The appeals have been consolidated. Dawkins raises one issue with respect to the drug conviction but raises no issues concerning the supervised release matter. We affirm in both cases.

Dawkins contends in No. 18-4021 that the district court erred when it denied his motion to withdraw his guilty plea. We review the district court's decision for abuse of discretion. *United States v. Nicholson*, 676 F.3d 376, 383 (4th Cir 2012).

A defendant does not have an absolute right to withdraw a guilty plea. *United States v. Bowman*, 348 F.3d 408, 413 (4th Cir. 2003); *United States v. Moore*, 931 F.2d 245, 248 (4th Cir. 1991). Rather, after the court accepts a guilty plea, but before sentencing, a defendant may withdraw his plea if he "can show a fair and just reason for requesting the withdrawal." Fed. R. Crim. P. 11(d)(2)(B). The burden of "showing a fair and just reason" for withdrawal of the plea rests with the defendant. *United States v. Ubakanma*, 215 F.3d 421, 424 (4th Cir. 2000). We have developed a nonexclusive list of issues to consider in determining if a defendant has met his burden:

> (1) whether the defendant has offered credible evidence that his plea was not knowing or not voluntary; (2) whether the defendant has credibly asserted his legal innocence; (3) whether there has been a delay between the entering of the plea and the filing of the motion; (4) whether defendant has had close assistance of competent counsel, (5) whether withdrawal will

3

cause prejudice to the government; and (6) whether it will inconvenience the court and waste judicial resources.

*Moore*, 931 F.2d at 248.

"The most important consideration in resolving a motion to withdraw a guilty plea is an evaluation of the Rule 11 colloquy. *Bowman*, 348 F.3d at 414. We closely scrutinize the Rule 11 colloquy and, if the Rule 11 proceeding was properly conducted, "a strong presumption that the plea is final and binding" attaches. *Nicholson*, 676 F.3d at 384 (internal quotation marks omitted). "[A] properly conducted Rule 11 . . . colloquy leaves a defendant with a very limited basis upon which to have his plea withdrawn." *Bowman*, 348 F.3d at 414.

At the Rule 11 hearing, Dawkins informed the court that he was 29 and his mind was clear. He had discussed the charges with his attorney, with whose services he was satisfied. Dawkins informed the court that his plea was not the result of threats, coercion or force, and he admitted his guilt. He had reviewed the plea agreement with his lawyer, and he understood the agreement. The factual summary presented to the court was accurate, Dawkins said. Our review of the plea transcript discloses substantial compliance with Rule 11. Accordingly, we strongly presume the plea to be "final and binding." *See Nicholson*, 676 F.3d at 384.

Turning to the first and second *Moore* factors, Dawkins offered no credible evidence that his plea was not knowing and voluntary. Nor did he credibly assert his legal innocence. Notably, he admitted his guilt both at the Rule 11 hearing and at the hearing on the motion to withdraw. His reason for wanting to withdraw his plea was his

4

unsubstantiated claim that the evidence against him was sparse and codefendants had lied to authorities about the extent of his involvement in the conspiracy. In light of his sworn statements that he was guilty and the factual summary presented at the Rule 11 hearing was accurate, we conclude that the first two *Moore* factors weigh heavily against Dawkins.

Addressing the remaining factors, the delay between entry of the plea and filing of the motion to withdraw was significant. Dawkins entered his plea on June 8, 2017, and he filed his first motion to withdraw on September 18, 2017. We have held that even shorter delays may weigh against a defendant. *United States v. Craig*, 985 F.2d 175, 178 (4th Cir. 1993) (eight-week delay); *Moore*, 931 F.2d at 248 (six-week delay). With respect to whether Dawkins had the close assistance of counsel, he assured the court at the Rule 11 hearing that he was satisfied with his attorney's services and had had enough time to consult with counsel. The parties differed on whether the Government would be prejudiced by withdrawal of the plea and whether withdrawal would inconvenience the court and waste judicial resources. Even if those factors favor Dawkins, we hold that, on balance, the *Moore* factors weigh against permitting Dawkins to withdraw his plea. We conclude that the district court's denial of the motion was not an abuse of discretion.

We therefore affirm. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*