**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 19-4450**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

PATRICK DEVON WRAY, a/k/a Ike, a/k/a Murda,

Defendant - Appellant.

Appeal from the United States District Court for the Western District of North Carolina, at Charlotte.  Frank D. Whitney, Chief District Judge.  (3:17-cr-00134-FDW-DSC-83)

Submitted:  January 23, 2020                                Decided:  January 28, 2020

Before WYNN, DIAZ, and RICHARDSON, Circuit Judges.

Dismissed by unpublished per curiam opinion.

William D. Auman, AUMAN LAW OFFICES, Asheville, North Carolina, for Appellant. Anthony Joseph Enright, Assistant United States Attorney, Charlotte, North Carolina, Amy Elizabeth Ray, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Asheville, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Patrick Devon Wray appeals his conviction and the 41-month sentence imposed after he pled guilty, pursuant to a plea agreement, to conspiracy to participate in racketeering activity—RICO conspiracy, in violation of 18 U.S.C. §§ 1962(d), 1963(a) (2018). Wray asserts that counsel rendered ineffective assistance when he withdrew Wray's objections to the calculation of Wray's Sentencing Guidelines range and he challenges the reasonableness of his sentence. The Government has filed a motion to dismiss the appeal based on the appellate waiver in Wray's plea agreement. We dismiss the appeal.

A defendant may waive the right to appeal if that waiver is knowing and intelligent. *See United States v. Poindexter*, 492 F.3d 263, 270 (4th Cir. 2007). Our review of the record confirms that Wray voluntarily and knowingly waived his right to appeal his conviction and any sentence imposed. Thus, the waiver is valid and enforceable and, in accordance with the terms of his plea agreement, Wray may not appeal his sentence.

Of course, even a valid waiver does not waive all appellate claims. Specifically, a valid appeal waiver does not preclude a challenge to a sentence on the ground that it exceeds the statutory maximum or is based on a constitutionally impermissible factor such as race, arises from the denial of a motion to withdraw a guilty plea based on ineffective assistance of counsel, or relates to claims concerning a violation of the Sixth Amendment right to counsel in proceedings following the guilty plea. *See United States v. Johnson*, 410 F.3d 137, 151 (4th Cir. 2005); *United States v. Craig*, 985 F.2d 175, 178 (4th Cir. 1993). Accordingly, Wray's ineffective assistance of counsel claim is not barred by the

2

appellate waiver in his plea agreement. Because ineffective assistance does not conclusively appear on the record, however, we decline to address this claim on direct appeal. *See United States v. Faulls*, 821 F.3d 502, 507-08 (4th Cir. 2016). Rather, Wray's claim is more appropriately raised, if at all, in a 28 U.S.C. § 2255 (2018) motion. *See United States v. Baldovinos*, 434 F.3d 233, 239 & n.4 (4th Cir. 2006). We express no opinion as to the merits of Wray's ineffective assistance of counsel claim.

Based on the foregoing, we grant the Government's motion and dismiss the appeal. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid in the decisional process.

*DISMISSED*

3