**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 22-4503

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

THOMAS WAYNE STANBACK, a/k/a Chief,

Defendant - Appellant.

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro.  Loretta C. Biggs, District Judge.  (1:21-cr-00356-LCB-2)

Submitted:  March 28, 2024                           Decided:  April 5, 2024

Before GREGORY, AGEE, and WYNN, Circuit Judges.

Affirmed in part and dismissed in part by unpublished per curiam opinion.

**ON BRIEF:** Sarah M. Powell, Durham, North Carolina, for Appellant.  Kyle David Pousson, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Thomas Wayne Stanback pled guilty, pursuant to a written plea agreement, to two counts of brandishing a firearm during and in relation to a crime of violence (carjacking), in violation of 18 U.S.C. § 924(c)(1)(A)(ii); and conspiracy to commit Hobbs Act robbery, in violation of 18 U.S.C. § 1951(a).  The district court sentenced him to a total term of 300 months' imprisonment.  On appeal, counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), stating that there are no meritorious grounds for appeal but questioning whether Stanback received ineffective assistance of counsel during the guilty plea proceedings that rendered his plea involuntary and uninformed, as well as during sentencing, in violation of his Sixth Amendment right to counsel.  Stanback has filed a pro se supplemental brief in which he challenges the sufficiency of the factual basis supporting his plea.  The Government moves to dismiss Stanback's appeal pursuant to the appellate waiver in his plea agreement.  We affirm in part and dismiss in part.

"We review an appellate waiver de novo to determine whether the waiver is enforceable" and "will enforce the waiver if it is valid and if the issue being appealed falls within the scope of the waiver." *United States v. Boutcher*, 998 F.3d 603, 608 (4th Cir. 2021) (internal quotation marks omitted).  An appellate waiver is valid if the defendant enters it "knowingly and intelligently, a determination that we make by considering the totality of the circumstances." *Id*.  "Generally though, if a district court questions a defendant regarding the waiver of appellate rights during the [Fed. R. Crim. P. 11] colloquy and the record indicates that the defendant understood the full significance of the waiver, the waiver is valid." *United States v. McCoy*, 895 F.3d 358, 362 (4th Cir. 2018) (internal

2

quotation marks omitted). Our review of the record, including the plea agreement and the transcript of the Fed. R. Crim. P. 11 hearing, confirms that Stanback knowingly and intelligently waived his right to appeal his convictions and sentence. We therefore conclude that the waiver is valid and enforceable as to all issues that fall within its scope.

However, even a valid appeal waiver does not preclude a defendant from raising a colorable constitutional challenge to the validity of his guilty plea. *See United States v. Attar*, 38 F.3d 727, 732-33, 733 n.2 (4th Cir. 1994). This includes a challenge to those proceedings leading to the plea that affected the knowing and voluntary nature of the plea itself, including the ineffective assistance claims raised here. *See United States v. Johnson*, 410 F.3d 137, 151 (4th Cir. 2005) ("Even if the [district] court engages in a complete plea colloquy, a waiver of the right to appeal may not be knowing and voluntary if tainted by the advice of constitutionally ineffective trial counsel."); *see also United States v. Craig*, 985 F.2d 175, 178 (4th Cir. 1993) (noting that where defendant's "challenge to the denial of his plea-withdrawal motion incorporates a claim that the waiver of appeal as well as the guilty plea itself was tainted by his counsel's ineffectiveness," dismissal of the appeal is not warranted because "the waiver of appeal itself [is] being challenged by the motion to withdraw the guilty plea"). Similarly, "even valid appeal waivers do not bar claims that a factual basis is insufficient to support a guilty plea," as such a claim "goes to the heart of whether the guilty plea, including the waiver of appeal, is enforceable." *McCoy*, 895 F.3d at 364 (internal quotation marks omitted).

Additionally, "[a] defendant who waives his right to appeal a plea retains the right to obtain appellate review of his sentence on certain limited grounds," including that "the

3

underlying conviction was obtained in violation of his Sixth Amendment right to counsel." *Id.* at 363 (internal quotation marks omitted). Therefore, Stanback did not waive his right to effective counsel during sentencing. *Attar*, 38 F.3d at 732-33 (holding that general appeal waiver does not waive a defendant's right to appeal a sentence "on the ground that the proceedings following entry of the guilty plea"—including the sentencing hearing itself—"were conducted in violation of his Sixth Amendment right to counsel, for a defendant's agreement to waive appellate review of his sentence is implicitly conditioned on the assumption that the proceedings following entry of the plea will be conducted in accordance with constitutional limitations").

Accordingly, we conclude that *Anders* counsel's ineffective assistance claims and Stanback's supplemental pro se claims regarding the adequacy of the factual basis fall outside the scope of the otherwise valid appeal waiver. However, we will reverse on grounds of ineffective assistance "only if it conclusively appears in the trial record itself that the defendant was not provided effective representation." *United States v. Freeman*, 24 F.4th 320, 326 (4th Cir. 2022) (en banc) (cleaned up). Because the present record does not conclusively show that trial counsel rendered ineffective assistance, Stanback's claims are not cognizable on direct appeal and "should be raised, if at all, in a 28 U.S.C. § 2255 motion." *United States v. Faulls*, 821 F.3d 502, 508 (4th Cir. 2016). Additionally, we conclude that Stanback's plea was supported by an adequate factual basis.

In accordance with *Anders*, we have reviewed the entire record in this case and have found no potentially meritorious issues outside the scope of Stanback's valid appellate

4

waiver. We therefore grant the Government's motion to dismiss in part and dismiss the appeal as to all issues covered by the waiver. We otherwise affirm.

This court requires that counsel inform Stanback, in writing, of the right to petition the Supreme Court of the United States for further review. If Stanback requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Stanback. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED IN PART,*
*DISMISSED IN PART*